### John Evans v. The State.

#### No. 6970.     Decided May 10, 1922.

**1.—Intoxicating Liquor—Manufacture—Validity of Statute.**

The contention that the Dean law is in conflict with the Volstead Act has been decided adversely to the defendant. Following Ex Parte Gilmore, 228 S. W. Rep., 199.

**2.—Same—Repeal of Law—Statutes Construed.**

Where defendant was convicted of unlawfully manufacturing intoxicating liquor, the contention that said law has been repealed is untenable. Following Ex parte Mitchum, 237 S. W. Rep., 936.

**3.—Same—Burden of Proof—Charge of Court.**

Where the trial court instructed the jury that the burden of proof was on defendant to show himself to be within the exceptions of the Dean Law, there was no reversible error. Following Robert v. State, 234 S. W. Rep., 89.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence supported the conviction, there was no reversible error.

5.—Same—Separation of Jury—Misconduct of Jury.

Where, upon appeal from a conviction of unlawfully manufacturing intoxicating liquor, the defendant claimed the separation and misconduct of the jury, but the state showed that no injury resulted from the temporary absence of a juror, there was no reversible error.

Appeal from the District Court of Harrison. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Harrison County of the offense of unlawfully manufacturing intoxicating liquor, and his punishment fixed at confinement in the penitentiary for three years.

The record is before us devoid of any bill of exceptions. In his motion for new trial appellant attempts to raise the question of the conflict of the Dean Law with the Volstead Act. If properly before us this contention would have to be decided against appellant in accordance with the case of Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep. 199.

Appellant also asserts in said motion that his conviction is invalid upon the ground that the law which he is charged with violating has been repealed. We held contrary to this view in Ex parte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep., 936.

In said motion appellant also complains because of the fact that the trial court instructed the jury that the burden was on him to show himself to be within the exceptions to the Dean Law. This contention also was settled against appellant in the case of Robert v. State, 91 Texas Crim. Rep., 133, 234 S. W. Rep., 89.

We have carefully examined the statement of facts which seems entirely to support the verdict of the jury. Appellant was found in the act of manufacturing liquor, the intoxicating character of which was proven without dispute.

Effort was made in appellant's motion for new trial to show misconduct on the part of the jury in that they separated during the trial. It was shown that at a distance of twelve or fifteen feet from the jury box was a door in the courtroom which opened into a toilet, and that during the trial that at a time when the attention of the officers seemed to be directed elsewhere, one of the jurors who had been ill and was not very well at the time stepped into the toilet for the purpose of taking some medicine. One or two questions were

asked of a witness before the absence of this juror was discovered. He was immediately brought back into the jury box and the questions that had been asked in his absence were repeated to the witness. The juror himself was placed upon the stand on the hearing of the facts when the motion for new trial was presented, and testified that he was alone in the toilet and saw and spoke to no one while in there. These facts, if indeed it may be claimed that the removal of a juror twelve or fifteen feet from the body of the jury would constitute a separation at all, would seem to entirely meet the burden placed upon the State in cases where this is an issue, and to fully show no injury resulting from the temporary absence of the juror.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*