## W. C. BRYANT v. THE STATE.

### No. 7478. Decided March 14, 1923.

**1.—Possession of Intoxicating Liquor—Impeaching Witness.**

The mere failure to prove a given fact by a witness will not authorize his impeachment by the party offering it, and where the testimony was of a° character which was susceptible to appropriation by the jury as original evidence that the defendant sold whisky to the witness, and that whisky in his possession was for the purpose of sale, the same was reversible error.

**2.—Same—Search Warrant—Affidavits—Evidence.**

Upon trial of the unlawful possession of intoxicating liquor, where the court received in evidence over defendant's objection, the affidavits which were made for the purpose of procuring a search warrant to search his premises, which were merely hearsay statements tending to show that defendant was in possession of whisky for an unlawful purpose, the same is reversible error.

**3.—Same—Evidence—Other Transactions.**

There was no error in receiving in evidence the fact that there was a bottle of whisky found in the possession of the State's witness while he was on the defendant's premises, and that it was similar in character to the whisky in the jar possessed by the defendant.

Appeal from the District Court of Milam. Tried below before the Hon. John Watson.

Appeal from a conviction of the unlawful possession of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Robert M. Lyle* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

Appellant's business house was searched, and in it was found a half-gallon jar which was two-thirds full of whisky. He occupied a place which had been used as a saloon. There were various bottles on the premises; also a tin can that was bent so that it might be used for pouring liquids, and it had the smell of liquor. The witness Jack House, was in the building. There was found in his pocket a small medicine bottle, about two-thirds full of whisky. The witness House was put upon the witness-stand by the State in making out its main case, and testified that he did not get the small bottle of whisky from the appellant but that he had previously gotten it

from another person. The State's counsel then, over various objections urged by the appellant, interrogated the witness with reference to his testimony previously given before the grand jury and with reference to a written statement signed by the witness in which he declared that he had received a small bottle of whisky from the appellant. The court permitted this interrogation and also permitted the State's counsel, over appellant's objection, to prove by the witness that in the statement he did admit that he had received the whisky from the appellant and that he so testified before the grand jury. The effect of this proceeding was to establish by the hearsay statement of the witness House that he had bought a small bottle of whisky from the appellant. The witness denied this on the stand but gave no such testimony adverse to the State as justified the impeachment of its own witness. The statute upon the subject reads thus:

"The rule that a party, introducing a witness, shall not attack his testimony is so far modified as that any party, when facts stated by the witness are injurious to his cause, may attack his testimony in any other manner, except by proving the bad character of the witness." (C. C. P., Art. 815.)

In its application, the decisions are uniform to the effect that the mere failure to prove a given fact by a witness will not authorize his impeachment by the party offering it. See Vernon's Tex. Crim. Stat., Vol. 2, p. 763, and cases cited; also Ice v. State, 84 Texas Crim. Rep. 509; Hays v. State, 84 Texas Crim. Rep. 341; Bryan v. State, 90 Texas Crim. Rep., 175, 234 S. W. Rep. 83; Katz v. State, 92 Texas Crim. Rep., 629, 245 S. W. Rep. 242.

The court instructed the jury that the testimony of House before the grand jury was received in evidence only for the purpose of testing his credibility. The testimony was of a character which was susceptible to appropriation by the jury as original evidence that the appellant sold whisky to House and that the whisky in his possession was for the purpose of sale. We discern no legitimate use that could have been made of the impeaching testimony. It was immaterial where House got the whisky unless he got it from the appellant. His testimony that he did not get it from the appellant was negative testimony, that is, it was to be classified as a failure to make the proof expected by the State.

The court received in evidence, over appellant's objection, the affidavits which were made for the purpose of procuring a search-warrant to search his premises. In these affidavits it is made to appear that the persons making them swore that they believed the appellant possessed whisky for the purpose of sale. Appellant did not resist the search of his premises, and there is no issue discerned by us upon which the search-warrant or the affidavits were relevant. The affidavits particularly, were ex parte and hearsay statements,

tending to show that appellant was in possession of whisky for an unlawful purpose. They were received in evidence and placed before the jury. It was but natural that they should consider them. The evidence that the appellant had the three pints of whisky which were found in his possession for the purpose of sale, is meagre and it cannot be said that the improper evidence embraced in the hearsay statements contained in the affidavits mentioned were not harmful.

We think there was no error in receiving in evidence the fact that there was a bottle of whisky found in the possession of Jack House while he was on the premises of the appellant and that the whisky was similar in character to the whisky in the jar possessed by the appellant. This was a relevant circumstance bearing upon the purpose for which the appellant had the whisky in his possession.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*