JOHN BOORTZ v. THE STATE.

No. 7598.  Decided October 24, 1923.

**1.—Manufacturing Intoxicating Liquor—Former Precedent—Indictment.**

Without taking the time to state the various objections urged, this court deems it sufficient to say that all of the questions raised have been settled against the contentions of the appellant in his motion to quash the indictment.

**2.—Same—Suspended Sentence—Charge of Court.**

· Where the application for suspended sentence recited that defendant was more than twenty-five years of age, the court committed no error in refusing to submit this issue.  Following Davis v. State, 93 Texas Crim. Rep., 192, and other cases.

3.—Same—Search and Seizure—Affidavits—Search Warrant.

The complaint by appellant that the affidavits for a search warrant and the warrant issued thereunder are void for many alleged irregularities are unavailing; however, the warrant and affidavit should not have been read in the presence of the jury. Yet, there was no reversible error on that account.

4.—Same—Evidence—Search and Seizure.

The bills of exception complaining of the introduction in evidence of certain equipment found in defendant's house, and the evidence in reference thereto because the parties making the search in testifying about the same, acted under an insufficient search warrant are unavailing under previous decisions. Following Welcheck v. State, 93 Texas Crim. Rep., 271, and other cases.

5.—Same—Evidence—Declarations of Defendant—Res Gestae.

Defendant's statement to the officers that he would give them five hundred dollars not to take the apparatus for manufacturing whisky with which he was detected, down stairs were properly admitted as res gestae. Following Broz v. State, 93 Texas Crim. Rep., 137, and other cases.

6.—Same—Requested Charges—Burden of Proof.

The requested charges by the defendant to the effect that if the whisky was manufactured for one of the excepted purposes, a conviction could not be had, were not called for by the evidence; besides, the burden of proof was upon the defendant.

7.—Same—Requested Charges—Charge of Court—Practice on Appeal.

Where the issues presented by the requested charges were sufficiently covered by the main charge they were properly refused by the court, and there is no reversible error.

8.—Same—Sufficiency of the Evidence.

Where, upon trial of manufacturing intoxicating liquor, the evidence is sufficient to support the conviction, there is no reversible error.

Appeal from the District Court of Washington. Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

W. J. Embrey, for appellant. On queston of insufficiency of evidence, Hardway v. State, 236 S. W. Rep., 467; Williams v. State, 227 id., 316; Cramer v. State, 246 id., 380; Bell v. State, 247 id., 284.

R. G: Storey, Assistant Attorney General, for the State. Cited, cases in opinion.

HAWKINS, Judge.—Conviction is for manufacturing intoxicating liquor. Punishment, one year in the penitentiary.

Appellant sought to have the indictment quashed on many grounds set out in his motion. Without taking the time to state the various objections urged we think it sufficient to say all of the questions raised have been settled against his contentions. The general form of the indictment is practically the same as that upheld in Travino v. State, 92 Texas Crim. Rep., 140, 242 S. W. Rep., 242. Other contentions have been overruled in Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199; and the Chandler cases from this state sustained by the Supreme Court of the United States. (See U. S. Sup. Court. Advance Opinions, No. 9, March 1, 1923, page 272); Evans v. Sate, 91 Texas Crim. Rep., 646, 241 S. W. Rep., 147; Ex parte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep., 936; Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159; Mullins v. State, 93 Texas Crim. Rep., 447, 247 S. W. Rep., 285.

The court committed no error in refusing to submit the issue of suspended sentence. The application therefor recited that appellant was more than twenty-five years of age. Davis v. State, 93 Texas Crim. Rep., 192, 246 S. W. Rep., 395; Hooper v. State, 94 Texas Crim. Rep., 278, 250 S. W. Rep., 694.

Complaint is made that the affidavits for search warrant, and the warrant issued thereunder are void for many alleged irregularities. The opinions in Welchek v. State, 93 Texas Crim. Rep., 271, 247 S. W. Rep., 524; Harris v. State, 93 Texas Crim. Rep., 349, 248 S. W. Rep., 54; Bell v. State, 94 Texas Crim. Rep., 266, 250 S. W. Rep., 177; Forrester v. State, 94 Texas Crim. Rep., 295, 250 S. W. Rep., 1027, render these objections unavailing. The search warrant and affidavits should not have been read in the presence of the jury. An issue might arise in some case where they would become admissible, but usually an inspection of them by the trial judge would enable him to pass upon any legal question raised relative thereto. Gurski v. State, 93 Texas Crim. Rep., 612, 248 S. W. Rep., 353; Bryant v. State, 94 Texas Crim. Rep., 67, 250 S. W. Rep., 169. We hold however that under the facts proven and the minimum penalty inflicted this error does not call for a reversal. (Gurski v. State, supra).

By bills of exception four, five and six, appellant complains of the introduction of certain equipment found in his house, and the evidence in reference thereto because the parties making the search and testifying about the same were operating under an insufficient graph of our opinion dispose of this contention.
search warrant. The authorities cited under the preceding para-

While the officers were searching the house and after portions of the apparatus for manufacturing whisky had been discovered, one of the officers started up in the attic. In some way appellant reached the attic first and was trying to break some bottles or containers

95 T. C.—31

having whisky in them. When the officer caused him to cease his effort he told the officer he would give him five hundred dollars not to take them downstairs. Objection was made to proof of the statement to the officer on the ground that appellant was under arrest and that the evidence objected to was inhibited under the statute (Art. 810 C. C. P.). If his statement to the officer was inadmissible so likewise was evidence of his conduct. We think both were properly provable under the rule of res gestae. Broz v. State, 93 Texas Crim. Rep., 137, 245 S. W. Rep., 707; Stanton v. State, 94 Texas Crim. Rep., 366, 252 S. W. Rep., 518. In Hill v. State, (No. 7484, this day decided) the following language was quoted with approval from Ward v. State, 41 Texas Reports, 613.

"Where a person does any act material to be understood, his declarations made at the time of the transaction, and expressive of its character, motive, or object, are regarded as verbal acts indicating a present purpose and intention, and are therefore admitted in proof like material facts,"

and then followed such quotation with the statement that:

"Such declarations are a part of the res gestae and are admissible either for or against the accused."

Many authorities are cited in Hill's case (supra) supporting the principle announced. Bronson v. State, 59 Texas Crim. Rep., 17, 127 S. W. Rep., 175, recognizes the rule that a *res gestae* statement made by accused is admissible as such notwithstanding it would be inadmissible as a confession, since *"res getae"* is independent of, and cannot be restricted or limited to the rules relating to confessions or admissions made after arrest. See also Calloway v. State, 92 Texas Crim. Rep., 506, 244 S. W. Rep., 549. We do not regard Stanchel v. State, 89, Texas Crim. Rep., 358, 231 S. W. Rep., 120, and the cases there cited as holding contrary to the views here expressed. No question of *res gestae* arose in them.

The two special charges requested by appellant to the effect that if the whisky was manufactured for one of the excepted purposes a conviction could not be had were not called for by the evidence. The state was not required to present evidence that the whisky was not made for one of the permitted purposes, but the burden to do so was on appellant if he sought to bring himself under any one of them. Having offered no defensive evidence whatever the issue did not arise. We have not discussed bills of exception seven, nine, ten, eleven, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen and nineteen. All of them save seven and nine relate to objections to the charge given and the refusal of special charges. All have been examined. In so far as applicable the issues presented by the special charges were sufficiently covered by the main charge, and all were therefore properly refused. Bills seven and nine present no error.

The only other question is appellant's contention that the evidence is not sufficient to authorize his conviction, with which we are not in accord. Upon searching the house the officers found twelve gallons of mash in one room behind a trunk; in the kitchen three bottles were found which had contained whisky, with a small quantity of whisky in them, two being one gallon bottles and one a half gallon bottle; behind the stove in the kitchen was found a two gallon copper kettle; in the attic of the house, where it was so dark it was necessary for the officers to use a flashlight, were found a coil and the top to the kettle, also two gallon bottles, one full of whisky and the other partly filled. The coil was not connected with the can when found, but on the coil was found dough and dough was on the top of the can. The dough around the coil would cause it to fit like a stopper in the hole in the can. All articles of equipment were identified by the officers and introduced in evidence. It is further shown that they could be so assembled and operated as to manufacture whisky. The kettle had been washed and bore no odor of liquor, but the coil still smelled of whisky. It was further in evidence that the whisky contained 34.41 per cent alcohol by volume. In condensing the testimony we do not repeat what has heretofore been said in the discussion of one of appellant's bills of exception to the conduct and statement of apellant to the officer at the time the whisky and part of the equipment were found in the attic. The evidence in the record leaves no doubt in our minds that the jury was authorized in reaching the verdict returned.

Finding no error in the record which would justify a reversal, the judgment is affirmed.

*Affirmed.*