## OTT STEWART v. THE STATE.

No. 8558.　Delivered January 7, 1925.

Rehearing denied February 13, 1925.

1.—Manufacturing Intoxicating Liquor—Statement of Officer—As to Search Warrant—Held Harmless.

Officers searched the house of appellant, and found whisky in process of manufacture. After testifying that he knew appellant, and how long he had known him, the officer further said "We went to the home of Ott Stewart for the purpose of serving a search warrant. This last statement is assigned as error. We have heretofore *held* that the introduction of a search warrant, and the affidavit therefor, was erroneous, and in some instances would call for a reversal. In view of the conclusive, and uncontradicted proof of appellant's guilt, we cannot carry the doctrine of presumption of injury to an extent not authorized, under the facts of the present case.

2.—Same—Reforming Judgment and Sentence.

The judgment and sentence is for imprisonment for the term of two years, thus disregarding the indeterminate sentence law. The judgment and sentence should have been that appellant be confined in the penitentiary, for not less than one, nor more than two years. The judgment and sentence will be reformed as suggested, and affirmed.

99 Tex. Crim.—11.

Appeal from the District Court of Johnson County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for the manufacture of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*W. E. Myres, Chrisman & Chrisman,* for appellant.

*Tom Garrard,* State Attorney, and *Grover C. Morris,* State Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor with punishment assessed at confinement in the penitentiary for two years.

We do not deem it necessary to set out in detail the evidence. Officers searched the house of appellant and found whickey in process of manufacture. The sufficiency of the evidence is not challenged. Appellant offered no testimony in defense.

Only one bill of exception appears in the record. After testifying that he was personally acquainted with appellant and how long he had known him, the officer further said, "we went to the home of Ott Stewart for the purpose of serving a search warrant." This statement was objected to upon the ground that it was getting before the jury the opinion and conclusion of the officer that appellant was engaged in the illegal manufacture of intoxicating liquor. The statement made by the officer in his examination in chief by the state was the bare statement just quoted. Neither the affidavit therefor nor the search warrant itself were introduced or offered in evidence. All details relative to the search warrant were drawn out by appellant on cross-examination of the officer, and revealed the fact that the affidavit for the search warrant had been made by the officer testifying. This was not elicited by the state. We have held heretofore that the introduction of a search warrant and the affidavit therefor was erroneous, and in some instances would call for a reversal of a judgment of conviction. Gurske v. State, 93 Texas Crim. Rep., 612; — S. W. —; Boortz v. State, 95 Texas Crim. Rep., 479, 255 S. W. 434; Bryant v. State, — Texas Crim. Rep., —, 250 S. W. 169; Gaunce v. State, — Texas Crim. Rep., —, 261 S. W., 577. We have never gone to the extent of holding that getting before the jury the mere fact that the officers had a search warrant would bring about a reversal. The case of Taylor v. State, 54 Texas Crim. Rep., 90, — S. W., —, cited by appellant in support of his proposition we think not in point.

In Branch's Crim. Laws of Texas under Section 348, at page 305, are cited a number of cases supporting the proposition that the  *  *  *  reasons of a witness for his actions, were they involve

an opinion as to the guilt of defendant, or amount to an expression hurtful to defendant, are not admissible.''

We have examined all of these cases and none of them present a proposition similar to that here insisted upon. Appellant does not question but that the evidence is more than sufficient to justify a judgment of guilty, but insists that the mere mention of the fact by the officer that he went to the home of appellant to execute a search warrant conveyed to the jury the opinion of the person who made the affidavit that appellant was guilty and that this perhaps enhanced the punishment. We think this would be carrying the doctrine of presumption of injury to an extent not authorized under the facts of the present case.

Our attention is called to the fact that the judgment and sentence is for imprisonment for the term of two years, thus disregarding the indeterminate sentence law. (Art. 865a of our C. C. P.) The judgment and sentence should have been that appellant be confined in the penitentiary for not less than one nor more than two years.

The judgment and sentence will be reformed as suggested, and as reformed the judgment is affirmed.