## JULIANA GONZALES V. THE STATE.

### No. 11158.  Delivered November 16, 1927.

**1.—Selling Marijuana—Evidence—Harmless if Error.**

Where appellant, on trial for the sale of marijuana, objected to the testimony of officers as to what they saw and heard occurring at the home of appellant because they had no search warrant, and it appearing that the same facts related by them were testified to by the appellant and another witness, she cannot now claim to have been injured by the officers' testimony, even if same was improperly admitted. See Parker v. State, 91 Tex. Crim. Rep. 78, and Scharff v. State, 99 Tex. Crim. Rep. 605.

**2.—Same—Argument of Counsel—Harmless Error.**

Where appellant was on trial charged with the sale of marijuana, and the District Attorney in his argument told the jury that it was an offense to give away marijuana, while the remark was improper, the court having charged the jury that if they believed that the appellant gave the marijuana to prosecuting witness to acquit her, no injury was shown.

Appeal from the County Court at Law of Harris County. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction for the sale of marijuana, penalty a fine of $25.

The opinion states the case.

*Warren P. Castle* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling marijuana; punishment a fine of $25.

Officers in Houston were trying to stop the sale of marijuana. A negro woman named Jessie Thompson was approached and told the officers she thought certain Mexicans in her neighborhood were selling same. They gave her a dollar and told her to see if said parties were so engaged. She took the money and went to the house of appellant. The officers followed.

Appellant was on her porch. Jessie asked her if she had some "griefus," that being the vernacular for marijuana. Appellant went into the house, procured and handed to Jessie a package of marijuana and received from Jessie the dollar bill. At this juncture the officers appeared and arrested appellant. Her conviction followed. She testified on the trial and did not contradict the state's testimony in any particular, but on the contrary admitted that Jessie came to her house and asked her for some marijuana and that she got it and gave it to Jessie, and that Jessie placed the one dollar bill in her hand, at which time the officers came in, arrested her and put her in jail. She further said she did not sell marijuana nor offer to sell it, but that Jessie had put the bill in her hand just as the officers came in.

There are three bills of exception. No. 1 sets out objections to the testimony of Officer Favors upon the ground that he had no search warrant when he entered appellant's house, and therefore had no right to relate what he saw after entering. Without discussion further, we state that all the officer testified to was fully related and agreed to by appellant on the witness stand, and the same facts were also testified to by the woman Jessie. Appellant having testified to the same facts as stated by the officer concerning what took place in the house, she cannot now claim to have been injured by the testimony of the officer, even if same was improperly admitted. Parker v. State, 91 Tex. Crim. Rep. 78; Scharff v. State, 99 Tex. Crim. Rep. 605. This conclusion is especially correct in view of the fact that appellant was given the lowest penalty, and the testimony complained of in said bill of exceptions contributed nothing to establish the guilt of appellant. Turner v. State, 95 Tex. Crim. Rep. 593; Cartwright v. State, 97 Tex. Crim. Rep. 230.

The complaint that the officer and Jessie were accomplices has no merit.

It is also urged that the State's Attorney erred in his opening argument in telling the jury that it was a violation of the law to give away marijuana. It is true that the complaint charged appellant with selling said drug, and that she was not charged with giving same away, the latter being also an offense. It is not believed the argument could have resulted in harm to the appellant. The court instructed the jury in his charge that they should acquit appellant if they believed she

gave the marijuana to Jessie Thompson as testified to by appellant.

We are not in accord with appellant's position that the testimony is not sufficient to show that a sale was made.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*