H. J. GENTRY v. THE STATE.

No. 11695.   Delivered May 30, 1928.

The opinion states the case.

*Vickers & Campbell* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is the possession for the purpose of sale of a potable liquor, to-wit, beer containing in excess of one per cent of alcohol by volume, the punishment confinement in the penitentiary for one year.

Operating under a search warrant, officers searched appellant's residence and outhouse, and discovered therein more than a quart of liquor containing in excess of one per cent of alcohol by volume. W. F. Tarpley and S. T. Wadley made the affidavit for the search

warrant. It was stated in said affidavit that affiants saw George Blanchard go into appellant's residence and buy beer, and that said Blanchard was seen by affiants to come out of said residence with four bottles of beer in his hands. George Blanchard testified that he had on various occasions purchased beer from appellant. Appellant denied that he possessed beer and stated that the liquor found in his house by the officers at the time the search was made belonged to George Blanchard. He denied that he had ever sold any beer to Blanchard. A witness for appellant testified that Blanchard had on one occasion taken him to appellant's premises and given him beer. At the time of the trial of appellant, the witness Blanchard was under indictment for transporting the liquor he claimed to have purchased from appellant. W. F. Tarpley and S. T. Wadley, although having stated in the affidavit for a search warrant that they saw George Blanchard purchase liquor from appellant, were not used as witnesses by the state.

Over proper objection, the affidavit and search warrant based thereon were introduced in evidence. It is appellant's contention that the statement in said instrument to the effect that the affiants had seen George Blanchard purchase liquor from appellant was hearsay, and that the erroneous admission of such statement had the effect of permitting the state to corroborate the testimony of Blanchard without producing the witnesses and affording appellant the opportunity to cross-examine them touching said statement. The objection was well taken. The contents of the affidavit and search warrant were hearsay, and therefore inadmissible. Appellant vigorously contested the question of guilt. It was obviously harmful to appellant to permit the state to sustain Blanchard by the hearsay statements contained in the affidavit. Blanchard had been bitterly assailed by appellant. It was appellant's contention that Blanchard was guilty of the offense of possessing the liquor found by the officers. The state sustained Blanchard by the hearsay statement. It cannot be said that the improper receipt of said hearsay statement was not harmful. The question of guilt being vigorously combated, such statement had the probable effect of turning the scale against appellant. In view of the record, we have reached the conclusion that the improper receipt in evidence of the statement complained of constituted reversible error. Dillon v. State, 2 S. W. (2d) 251; Bryant v. State, 250 S. W. 169; Gaunce v. State, 261 S. W. 577.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

40

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.