## WILLIE MONTGOMERY v. THE STATE.

No. 12718.   Delivered January 22, 1930.
State's motion for rehearing granted March 26, 1930.
Rehearing denied October 8, 1930.
Reported in 31 S. W. (2d) 440.

The opinion states the case.

*J. H. McHaney* and *Young & Stinchcomb* all of Longview, for appellant.

*D. S. Meredith, Jr.,* County Attorney of Longview, and *A. A. Dawson,* State's Attorney, of Canton, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of two years and six months.

An officer testified that, acting under a search warrant, he searched the automobile of the appellant and found therein two half-gallon jugs full of whiskey. The reception of this testimony was opposed upon the ground that the search warrant was invalid because issued upon an insufficient affidavit. The affidavit states in direct terms that Willie Montgomery was the owner and in possession of intoxicating liquor, and concludes with the statement that "affiants have been informed that said defendant has such intoxicating liquor in his car." The ruling of the court asserting the sufficiency of the affidavit is not out of harmony with the announcement of this court in Rozner's case, 3 S. W. (2d) 441. See also Villareal v. State, 21 S. W. (2d) 739; Harris v. State, 15 S. W. (2d) 1048. The affidavit, however, is apparently in accord with the principle applied and the announcements made in the cases of Ware v. State, 7 S. W. (2d) 551; Bird v. State, 7 S. W. (2d) 953; and Staglik v. State, 13 S. W. (2d) 376. If, however, the testimony of the officer was not properly before the court, the testimony of the appellant which, without qualification, shows that he did have the whiskey in his car, that he knew it to be whiskey and that he was bringing it to a certain garage upon the request of one Fuller would, under the law as construed by this court in many decisions, preclude a reversal upon the ground that the officer's testimony was improperly received. Among the cases in point are McLaughlin v. State, 4 S. W. (2d) 54; Sifuentes, et al. v. State, 5 S. W. (2d) 144; Gonzales v. State, 299 S. W. 901; Wagner v. State, 53 Tex. Cr. R. 306. See also Stone v. State, 22 S. W. (2d) 140, and precedents collated therein.

The assumption that the practice stated is new is not supported by the precedents. Of this there are many illustrations in the reports of the decisions of this court. Among them is the case of Walker v. State, 17 Tex. Cr. App. 30. The principle was applied in an opinion written by Judge Hurt affirming the case in which the death penalty was assessed. By the same learned judge there was written the opinion in the case of Carlisle v. State, 37 Tex. Cr. R. 108, affirming the life sentence assessed against the accused. The same rule was applied and approved in the case of West v. State, 2 Tex. Cr. App. 460 (see page 473), a murder case, though upon other grounds a reversal was ordered. Upon the cases mentioned and others, the declaration was made in Wagner v. State, 53 Tex. Cr. R. 306, in the opinion written by Judge Ramsey that:

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to."

The statement in the Wagner case, supra, has been given specific approval in many cases cited prior to the year 1919, as will appear from an examination of Shepard's Texas Citations, Annotated, Bound Volume (1923) p. 384. The rule has also been applied in numerous recent cases. See Parker v. State, 91 Tex. Cr. R. 79, a murder case affirming the death penalty; Gonzales v. State, 108 Tex. Cr. R. 253, 299 S. W. 901, and others collated in Shepard's Tex. Citations, November, 1929, p. 138. From what has been said, it is manifest that the rule is thoroughly embodied in our jurisprudence. Nor is it deemed assailable as fundamentally unsound. Application of the rule in given cases due to the peculiar facts has been denied. Among them are Kelsey v. State, 4 S. W. (2d) 548; Alberson v. State, 54 Tex. Cr. R. 8. There are others that might be cited.

We are requested by counsel to review the decisions mentioned and others of a like nature in the light of the opinion of this court in Runnels v. State, 45 Tex. Cr. R. 446, 77 S. W. 458. The case last mentioned was one of circumstantial evidence, in which an irrelevant but suspicious circumstance touching the conduct of the accused was proved over his objection. By testifying to facts relieving him of the suspicion, the court held that he did not waive his objection to the improper testimony.

Appellant testified in his own testimony that he had the whiskey in his car and gave his reasons for possessing it in substance as follows: That in a conversation with one Johnnie Fuller, the latter said:

"I have a bundle on the road a piece out, and I want you to bring it to me. * * * If you happen to come about Friday, you bring it then; and if you don't come before, be sure and bring it Saturday morning."

Fuller told the appellant that the package was for a friend who was sick; that the contents thereof were to be used as medicine. Appellant disclaimed any intent to sell the article.

Against objections urged by the appellant the State put in evidence the recitals in the affidavit and search warrant which were made by the sheriff and another officer and which contain the following:

" * * * each of whom after being by me duly sworn on oath deposes and says and charges that Willie Montgomery is the owner and holder in his possession and control, unlawfully, and for sale, spirituous, vinous and malt liquors, capable of producing intoxication, other than for medicinal mechanical, scientific or sacramental purposes, the exact amount and quantity of which is to each of said

affiants unknown, and further alleging that the said Willie Montgomery is the owner of, and unlawfully now has in his possession equipment for manufacturing spirituous, vinous and malt liquors capable of producing intoxication and not for medicinal, mechanical, scientific or sacramental purposes, consisting of boiler, coil, condenser, stove cooling devices, cans, barrels of mash, containers of mash and other equipment, the exact amount, character and name of which is to each of said affiants unknown; all of which said spirituous, vinous and malt intoxicating liquors and equipment for making the same, as aforesaid and above described, affiants swear and charge is located in, at, on and about a certain one Star automobile, state license number 412-198, used, occupied, driven and controlled by said Willie Montgomery in Gregg County, Texas. * * * Affiants have been informed said defendant has said intoxicating liquors in said car."

In Gurski v. State, 93 Tex. Cr. R. 612, and many other cases which are cited below, this court has declared that the sufficiency of the affidavit and search warrant as a predicate for the proof of the result of the search was a question for the court to determine and not for the jury, unless there be special circumstances presenting some issue of fact upon which the documents mentioned were relevant. In some of the cases it has been held that the introduction of the testimony, though not relevant, was not of a nature sufficiently harmful to warrant a reversal of the judgment. In others the contrary rule has been stated. Among the cases in point are Broyles v. State, 7 S. W. (2d) 555; Gentry v. State, 7 S. W. (2d) 95; Bryant v. State, 94 Tex. Cr. R. 67; Dillon v. State, 2 S. W. (2d). 251; Gaunce v. State, 97 Tex. Cr. R. 365, 261 S. W. 577.

In the present case there is no issue upon which the recitals mentioned are relevant. The hearsay declaration under oath of the officers of the county, that the appellant was offending against the law by the commission of the catalog of crimes which are set forth in the affidavit (most of which seem to have been entirely unnecessary to support the warrant to search the automobile of the appellant), was susceptible of use by the jury in discrediting the testimony of the accused, which in substance is set out above, and in enhancing the penalty which, as assessed, is more than double the minimum. In the light of the record, we are not prepared to say that the verdict and penalty, one or both, are not in whole or in part the result of the testimony which has just been under discussion.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Attention of this court is drawn for the first time to a recital in the bill of exception that the application for the search warrant was received in evidence "for the purpose of the record but was not read to the jury." The application for the search warrant is copied in the statement of facts under a caption stating "the following evidence was introduced." The presentation of the affidavit to the judge in order that he might rule on the objection to the testimony obtained through the search was appropriate. The application should not have appeared in the statement of facts. A conflict between the statement of facts and a bill of exception is ordinarily controlled by the bill. See Smith v. State, 4 Tex. Cr. App. 630; Briscoe v. State, 27 Tex. Cr. App. 193; and other precedents cited in Branch's Ann. Tex. P. C., p. 139, sec. 217; also Galan v. State, 76 Tex. Cr. R. 619; Bank v. State, 95 Tex. Cr. R. 384. As the record is now understood, the affidavit and warrant were not before the jury as evidence.

The State's motion for rehearing is granted, the judgment of reversal is set aside and the judgment of the trial court is affirmed.

*Granted.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that the evidence is insufficient to show that the whiskey found in his car was possessed by him for the purpose of sale. The quantity of whiskey found was much in excess of a quart, and the question of the truthfulness and sufficiency of the explanation made by appellant,—to overcome the presumption of guilt arising from the fact of such possession, was for the jury. Appellant said he was transporting the whiskey at the instance of one Fuller to whom the same belonged, and that he had no interest in it and did not have it for sale. Unfortunately for him he introduced no evidence to corroborate his statement. He said Fuller was a resident of the vicinity, but he did not call Fuller to testify. We think the testimony sufficient to warrant the finding of the jury. They are not compelled to accept as true the explanation offered by appellant.

The requested charge submitting the law of prima facie evidence was almost in exactly the same language as the main charge given the jury, and it was not error to refuse same. The record shows that the affidavit for search warrant and search warrant were not introduced in evidence before the jury, but were only considered by the court.

In as much as the defendant testified fully to the fact of the search and the finding of the whiskey in his car by the officers, under authorities too numerous to cite, but to be found in recent decisions of this court, the question of the sufficiency of the affidavit and information to authorize the search will be held of no avail to the accused.

Believing the case properly decided, the motion for rehearing will be overruled.

*Overruled.*