EDGAR HAYS v. THE STATE.

No. 14840. Delivered March 23, 1932.
Rehearing Denied May 11, 1932.

172

The opinion states the case.

*J. F. Cunningham, Oliver Cunningham,* and *Martin, Shipman &
Winters,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for manufacturing intoxicating
liquor; punishment, four years in the penitentiary.

The evidence for the state showed that peace officers made a raid upon
a still which was of about one hundred gallon capacity. When they
arrived at the still, it was still warm and they could see where whisky
had been run out of the still; they also found in connection therewith
tanks of mash and other material and equipment and also a quantity of
empty half-gallon fruit jars and about 36 gallons of whisky. A man by
the name of Wright was found in possession of the same.

A witness by the name of L. L. Hurley testified that he had lived in
Abilene; that he knew the defendant, Edgar Hays, and he also knew a
man by the name of Tommy Rhodes; that he knew where there was a
still in Callahan county and he had been out there; that he remembered
the occasion when Wright got arrested out at the still; that 2 or 3 days
before said Wright was arrested, he was out there twice; that Rhodes
carried him out there the first time in his car and he stayed overnight,
and the appellant came out afterwards; that he heard some conversation
between the appellant and Wright; that they had a little disagreement
about the still, that it was not run or operated like they wanted; that his
remembrance was that there was something wrong about the still; that
Wright refused to operate the still in that condition on account of it
being dangerous and he and appellant got into a dispute over it; that
Wright wanted to take it somewhere to have it fixed and the appellant
did not want him to do that; that on the occasion he spoke of, the appel-
lant and Rhodes took Wright to town with them and he, the witness,
stayed at the still all night by himself. He testified further that the
second time he went out there that he went with the appellant; that they
left the house about 10 or 11 o'clock on the night the still was raided;
that they went out to where the still was to carry some low grade whisky
and went in appellant's car; that he thought they carried four or five
cases out and brought four or five cases of a better grade of whisky back
in half-gallon fruit jars, and while they were out there the appellant
and the man Wright, who was there at the time, had a conversation;
that he returned with the appellant to his house and when they arrived
at appellant's home the appellant carried the whisky into his house, and
he, the witness, took appellant's truck to his house that night; that he
thought that this occurred on the night the raid on the still was made.

Mrs. Tommie Rhodes testified that she now lived in Granbury; that
she had lived in the town of Abilene prior to the time she went to Gran-

bury and she knew the appellant; that she remembered the occasion of the officers raid of the still in Callahan county and finding Wright out there; that that was along about the 24th day of March, 1930; that a few days prior to the raid, she and her husband and the appellant and his wife went out in appellant's truck to where the still was; that Mr. Wright was there and when they got there she went inside the house there and saw three big tanks full of mash; that they bubbled up and they had grain on top and it foamed up; that they had a place where they made the whisky and it was a big boiler with a fire under it; that that was the first time she had ever seen a still; that appellant said he was going to make some money out of that whisky and those tanks and was going to get the whisky out of them himself; that she believed he estimated how much whisky the tanks would make.

A witness by the name of H. S. Wills testified that he lived in Abilene, Texas, and ran a tin shop there; that along in February, 1930, he sold the appellant a couple of stock tubs. He testified that there was a difference between the price of the six and five foot tanks, a difference of $2.50 each, and he talked to the appellant about paying him the difference; that when he asked the appellant about the payment of the $2.50, the appellant asked him if he would take the tank back for the bill, and the witness told him he would, and appellant told him to go right ahead and get the tank; that he asked him where it was and he said, "down at Baird"; that he told the appellant it was too far to drive for the tank and that the drive down there was more than the tank was worth, and the appellant replied, "I don't think you can get it anyhow. The sheriff has got it down there".

The appellant did not testify and offered no evidence. Appellant complains of the overruling of his third motion for a continuance and also his motion for new trial. In appellant's application for a continuance, it is alleged that he was not ready for trial because of the absence of his wife. It is averred in the application that on account of the sickness of appellant's wife that she was unable to attend the trial of the case, but that she would have testified that she and her husband, the appellant, lived some twenty miles or more from the location of said still; that on account of the sickness of their children, the defendant was kept close to home, taking all his meals at home, sleeping at home at night, in order to help care for the children; that she knew the defendant never at any time manufactured spiritous, vinous, or liquors capable of producing intoxication; that she knew the defendant never at any time possessed or had in his possession in Callahan county a still, mash, material, or equipment or supplies for manufacturing intoxicating liquor; that she was certain of these facts for the reason that he was so closely confined to his home on account of sickness of his children that she was with him practically all the time and on all of the dates when the state's wit-

nesses testified with reference to the incriminative facts aforesaid, and said testimony of said witness was very material to disprove the testimony of the state's witness.

It appears from the motion for a continuance that the allegations in the application to the effect that the appellant never at any time had in his possession or possessed in Callahan county a still, mash, spirituous, or malt liquors, etc., constitutes merely a conclusion. The affidavit of appellant's wife sworn to the day after the case was tried and attached to his motion for new trial is in substantially the same language as set out in the motion itself, except that she denies in said affidavit that the appellant left the house with L. L. Hurley or anyone else on the night claimed by the witness Hurley, but that said Hurley did come to the home of appellant and borrow her husband's truck in order to move his household goods; that the said Hurley brought the truck back later in the night. She also denied that her husband and the said Hurley carried any whisky in cases or otherwise from her home to Callahan county. She also denied in said affidavit that she and her husband had gone with Mrs. Tommie Rhodes and her husband to a place in Callahan county or any other place.

As shown by the record and also by the qualification of the trial judge to the bills of exception, the state's counsel admitted before the jury as true that the said Lillian Hays was the wife of defendant; that they lived together in Abilene, Texas, and that some of their children were sick along about that time and on account of the children being sick, the defendant, Hays, would stay home; that he took his meals at home watching after the children; that he would sleep at home at night and that was the condition along about March 24, 1930, at the time the still was found in Callahan county; that his home was 20 miles from the location of the still. These admissions were made in open court and when said admissions were made by the state, the defendant introduced in evidence his entire motion for a continuance as set out in the bill of exception. The trial court overruled the motion for a continuance and he overruled appellant's motion for new trial on the grounds shown by the qualification to appellant's bill. It was the court's opinion that the result of the trial would have been the same had the witness been present and testified. That part of the affidavit relating to a denial on the part of the appellant's wife as being with the witness Mrs. Rhodes out at the still and also as to the witness Hurley as to whether or not her husband left with him in the truck on the night the raid was made on the still would only be available to impeach the state's witnesses. The general rule is that a continuance sought to secure testimony which would only be available to impeach a witness will ordinarily be refused. Branch's Annotated Penal Code, sec. 324; Rodgers v. State, 36 Texas Crim. Rep., 563, 38 S. W., 184; Early v. State, 51 Texas Crim. Rep., 382, 103 S. W., 868, 123 Am. St. Rep., 889.

In order to prevent the granting of a good application for a continuance, the state should not only admit that the witness, if present, would testify as stated by appellant in his application for a continuance, but must go farther and admit the truth of the facts proposed to be proven by the absent witness. It appears from the court's qualification to the bills that the state admitted on the trial the truth of all the facts proposed to be proven by the absent witness which were set up as facts in said motion, but only refused to admit the truth of the conclusions deduced from said facts. We are of the opinion that the trial judge properly overruled the application for a continuance and appellant's motion for new trial.

We note that the verdict of the jury finding the defendant guilty assessed his punishment at four years in the penitentiary, while the sentence fixed his punishment at confinement in the penitentiary for a straight term of four years. The sentence will therefore be reformed so as to assess appellant's punishment at confinement in the penitentiary for an indeterminate period of not less than one nor more than four years, and, as so reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges only what he conceives to be the error of our opinion in upholding the overruling of his motion for new trial, based on the refusal of a continuance. The trial court has judicial discretion, under all the authorities, in this matter, and unless we are led to believe from the record that he has abused same,—his judgment should not be overturned. In approving appellant's bill of exception presenting this complaint, the court certifies that in his opinion the result of the trial would not have been affected had appellant's wife been present and testified. It is apparent from the application for continuance that his wife had been present and testified in a companion case. We have carefully gone over the statement of facts in the light of appellant's motion for rehearing, and the affidavit of appellant's wife attached to the motion for new trial. The soundness of the conclusion announced in our former opinion,—in which it is stated that most of the matters set up as expected from the wife were admitted to be true by the state upon the trial, and that the remainder of her testimony appears to be largely, if not entirely, conclusions—is apparent. It is somewhat difficult to believe that a jury would have accepted as true, against the positive testimony of a number of disinterested witnesses, the wife's statement that she knew he was not guilty of manufacturing intoxicating liquor, when

such conclusion was based on 'the fact that they had sickness in their family and her husband was at home helping take care of the children. No doctor testified to any illness in appellant's family, nor were any of the neighbors called to corroborate any such proposition. Appellant might have been at home every night, as his wife says he was, and still have been engaged in running a still in a nearby county some twenty miles away, through the activity of another or others, as appears to be the case here. We adhere to the former opinion.

The motion for rehearing will be overruled.

*Overruled.*