### JOHN TRAPPER V. THE STATE.

No. 17658. Delivered June 19, 1935.

The opinion states the case.

*Jackson & Crawford,* of Crystal City, and *E. L. Duncan,* of Uvalde, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment was assessed at death.

The record shows that on the night of February 27, 1935, the appellant cut his wife's throat with a razor and also shot her with a shotgun, from the effects of which she died in a very short time. He then left the scene of the homicide and hid in the brush near the railroad track until the following night. The next day the officers obtained a warrant for his arrest and began looking for him but could not find him. At about 8 P. M. they were notified that a negro answering the description of the appellant was seen at or near the ball park. They hurriedly drove out there and found the appellant walking on Nopal Street. They drove on by him, turned and came back, drove up by the side of him and told him to wait a minute. He then ran behind the officers' car. By this time Mr. Haygood had gotten out of the car when the appellant fired upon him, killing him almost instantly. Mr. Couser, the other officer, then opened fire upon the appellant, breaking his leg, captured him and took him to jail. In this case the appellant was tried for the murder of Haygood and not for the murder of his wife. The appellant at the trial interposed a plea of temporary insanity.

By bill of exception No. 1 appellant complains of the action of the trial court in declining to grant his motion to set aside the indictment in this case because the grand jury who returned this indictment against him was composed entirely of white men; that he belonged to the negro race and that no member of his race was drawn or selected as a member of said grand jury, contrary to his constitutional rights. The trial court qualified said bill of exception and in his qualification certifies that the motion was controverted by the State and no evidence was offered in support thereof; that the grand jury which returned the bill of indictment was selected and impaneled prior to the time the alleged homicide was committed, and there was no discrimination against the negro as a race in the selection of the grand jury. In the absence of any proof in support of the allegation in the appellant's motion, the court was clearly right in declining to set aside the bill of indictment. Before the court was authorized to set aside the indictment on the ground set forth in the appellant's motion, some proof should have been

made supporting the averments. We therefore overrule the appellant's contention.

By bill of exception No. 2 the appellant complains of the action of the trial court in declining to sustain his challenge to the array of the petit jurors drawn and summoned in this case because it appears that no member of the negro race was drawn as a juror; that he is a negro and is entitled to be tried by a jury of his peers; that the action of the jury commission in leaving off all members of the negro race is highly prejudicial to and in violation of his constitutional rights. The trial court qualified said bill of exception and. in his qualification states that the challenge to the array was controverted by the State and that the appellant did not offer any testimony in support of his said challenge. In the absence of any proof that there were negroes in the county who possessed the required legal qualifications of grand or petit jurors and in the absence of any proof of discrimination against the negroes as a race, no error is shown to have been committed by the trial court in declining to sustain the appellant's challenge. In matters of this kind it is imperative that some testimony be offered sustaining the allegation of discrimination before the court would be authorized to sustain the challenge to the array of petit jurors, which presumably were legally selected and drawn, and in support of what we have said here we refer to the case of Norris v. State of Alabama, 79 L. Ed, 598, and Patterson v. State of Alabama, 79 L. Ed., 605.

By bill of exception No. 3 the appellant complains of the action of the trial court in declining to sustain his application for a change of venue. As a ground for said change of venue he alleged that there existed in said county such great prejudice against him that he can not obtain a fair and impartial trial; that by reason of being a stranger in said county and the great prejudice existing against him he was unable to procure compurgators to corroborate his affidavit. The State controverted said application and supported the same by affidavits of compurgators. The appellant's motion did not meet the requirements of the statute in that it was not supported by the affidavit of two compurgators. See Art. 562, C. C. P.; Benton v. State, 108 Texas Crim. Rep., 285, 300 S. W., 72; McKenzie v. State, 11 S. W. (2d) 172. Besides, no proof was offered in support of the averments in the application. Under the circumstances no reversible error is shown.

By bill of exception No. 4 the appellant complains of the action of the trial court in declining to sustain his motion for a

continuance based principally upon the following grounds: First, because only eleven days had elapsed since the commission of the offense at which time appellant was shot in the leg, fracturing both bones, from which he was suffering intensely and which rendered him unable to collect his mental faculties sufficiently to enable him to render proper assistance to his attorneys in preparing and presenting his defense; that by reason of said injury he was unable to sit in a chair and move from place to place, and that he would not be able to testify intelligently in his own behalf. Second, that deceased well and favorably known throughout the county and has many relatives in the county; that the deceased's untimely death has aroused public opinion against him by reason of which he can not obtain a fair and impartial trial, and that feeling is still running high, etc. The grounds upon which the application for a continuance is based are not statutory grounds but are addressed solely to the sound discretion of the trial court. See Art. 543, C. C. P. Moreover, the bill of exception is qualified by the court and in his qualification he states: "Defendant offered no testimony in support of the averments in his motion. The defendant appeared in court, sat in a chair, conversed freely with his counsel, testified in his own behalf coherently and was physically and mentally able to stand trial." This court has held by an unbroken line of authorities that a defendant is not entitled to a continuance as a matter of right and unless it is made to appear that the court in overruling an application for continuance abused his discretion, no reversible error is shown. See Hays v. State, 120 Texas Crim. Rep., 171, 49 S. W. (2d) 813; Gunn v State, 119 Texas Crim. Rep., 248, 44 S. W. (2d) 699; Emerson v. State, 59 S. W. (2d) 117; Stewart v. State, 64 S. W. (2d) 782; Asher v. State, 277 S. W., 1099.

By bill of exception No. 5 the appellant complains of the action of the trial court in permitting the State to prove that he purchased a bottle of carbolic acid at a drug store in the town of Rosebud on the morning of February 27, 1935, and that he had the same in his possession at the time of his arrest. His grounds for objecting to the introduction of same was that it was irrelevant and showed no connection with the offense for which he was on trial and tended to prejudice the minds of the jury against him. Even though it be conceded that no connection was shown by such evidence between the acid and the alleged crime and that it did not tend to elucidate any issue or any relevant fact to any issue in the case, yet we fail to under-

stand how this testimony prejudiced the legal rights of the appellant or impinged upon his defense, which was temporary insanity. It also appears that the appellant, while testifying in his own behalf, explained that he purchased the acid to doctor a mule which had a sore shoulder; that he put the acid in his pocket at the time of purchase and forgot to leave it at home. It is our opinion that the testimony was not of such harmful nature as to prejudice the minds of the jury against him.

By bill of exception No. 6 appellant complains of the action of the trial court in permitting the district attorney to prove that on the night prior to the time he killed the officer, for which offense he was on trial, that he killed his wife, who was on her knees begging him not to kill her. The objection urged to said testimony was that he, the appellant, was not on trial for killing his wife but was on trial for killing Haygood, an officer who was attempting to arrest him; that said testimony was prejudicial to his rights because it tended to inflame the minds of the jury against him; that the two offenses were not so related as to come within the exception of law permitting the details of one crime to be brought out in the trial of another. The court qualified said bill of exception and in his qualification states that he admitted said testimony on the issue of intent and the same was limited in the charge to such purpose; that it explained the acts and conduct of the officers who were seeking to arrest him for said offense; that appellant, while testifying in his own behalf, both on direct and cross examination, testified to the facts and circumstances of the killing of his wife without any objection. We think that the testimony was not only admissible on the issue of intent and resentment but also to rebut his plea of temporary insanity and the testimony offered in support thereof. He contended that when he killed his wife his mind was blank and the same was true when he killed the officer. Yet after he had killed his wife he immediately left the scene of the homicide and hid in the brush near the railroad track until the next night, when he came from his hiding place in an endeavor to leave, and when the officers approached him with a request to wait a minute he drew his gun and killed one of them, no doubt with the view of making his escape. Did he realize that he had killed his wife and that the officers were undertaking to arrest him for the offense? If so, his mind was not blank at that time. Any fact or circumstance which might shed any light upon the issue of sanity or insanity, although it may establish the commission of another offense, would be ad-

missible as a circumstance to be considered by the jury in connection with other facts and circumstances in passing on that issue. We believe that under the circumstances of this case the testimony was admissible. However, it appears from the court's qualification to the bill of exception that appellant, both on direct and cross examination, testified fully to the circumstances of the killing of his wife without any objection. This court has many times held that when similar testimony as that objected to is offered· without objection, no reversible error is shown. See Wagner v. State, 53 Texas Crim. Rep., 306; Montgomery v. State, 31 S. W. (2d) 440; Rogers v. State, 26 Texas App., 404.

By bill of exception No. 7 the appellant complains of the action of the trial court in permitting the State by and through its district attorney to introduce in evidence the appellant's voluntary confession made soon after he was injured and while he was confined in jail on the ground that the appellant was then suffering from a broken leg and fear of further bodily injury. The court qualified said bill of exception and in his qualification states that Dr. Merritt, who attended and administered to the appellant shortly before he made the confession, testified that the appellant was sane and rational; that his mind was not affected by his physical pain or fear, and thereupon the confession was admitted in evidence. It is our opinion that the appellant's contention is not well founded and therefore overrule the same.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.