### JOSE BONILLA V. THE STATE.

No. 11346.   Delivered January 25, 1928.

**Manufacturing Intoxicating Liquor — Evidence — Invalid Search Warrant Immaterial.**

Where appellant as a witness testified that he showed the officers the mash, and that he had a still and was engaged in the manufacture of intoxicating liquor, it was not material whether or not the search warrant held by the officers was valid, or their testimony properly admitted. See Gonzales v. State, 299 S. W. 901, and other cases cited.

Appeal from the District Court of Live Oak County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of a still for the purpose of manufacturing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

There are two bills of exceptions. One of them challenges the sufficiency of the application for a search warrant; the other relates to the statement by the appellant that he would show the officers where the barrel of mash was, and that he did so. A discussion of the bills of exceptions is deemed unnecessary for the reason that the appellant became a witness in his own behalf and gave practically the same evidence that was given by the officers. He testified in substance that he possessed a

still, mash, and other articles suitable for making whiskey and which were intended for that purpose; that he had bought the still for the purpose of making whiskey and intended to make that use of it. His testimony presented no defensive theory. The penalty assessed against him was the minimum. Under such circumstances, it may be conceded that the testimony of the officers was improperly received, but inasmuch as the appellant's own evidence coincided with that of the officers and established the violation of the law charged in the indictment and the minimum penalty assessed against him, this court would not be warranted in reversing the case because of the improper ruling of the court in receiving the testimony of the officers. The precedents are against the appellant. See Gonzales v. State, 299 S. W. 901; Parker v. State, 11 Tex. Crim. Rep. 78, 232 S. W. 943; Scharff v. State, 99 Tex. Crim. Rep. 605; 271 S. W. 83.

The judgment is affirmed.

*Affirmed.*