JOHN FREY V. THE STATE.

No. 11285. Delivered January 25, 1928.

Rehearing denied March 14, 1928.

Second motion for rehearing denied April 4, 1928.

**1.—Possessing Intoxicating Liquor—Selection of Grand Jury—New District Court—Held Proper.**

Where at the first term of the District Court for the 84th judicial district on the first day of the term, a jury commission was empaneled, who selected the grand jury for the term which was duly empaneled on the second day of the term. Thereafter the court finally discharged the grand jury and directed the sheriff to select a grand jury, which was done, and the same persons selected that were empaneled on the former grand jury at the same term. This procedure under the circumstances was proper.

**2.—Same—Objections to Grand Jury—Challenge to Array—Proper Procedure.**

In the case now before us, objections to the validity of the grand jury, appellant being under arrest at the time same was empaneled should have been presented in a challenge to the array. See Powell v. State, 269 S. W. 443.

**3.—Same—Search Warrant Invalid—Harmless Error.**

Where, on trial for possessing intoxicating liquor for the purpose of sale, the appellant having testified to the same facts as stated by the officers relative to the quantity of whiskey found in possession of himself, cannot complain to have been injured by the testimony of the officers even if same was secured by a search upon an invalid search warrant. See Gonzales v. State, 299 S. W. 901.

ON REHEARING.

**4.—Same—Continuance—No Bill of Exception—No Error Presented.**

Where appellant complains of being refused a continuance, but does not present his complaint by a bill of exceptions, nothing is brought before this court for review. Without such bill the matter is not properly before us. See Hollis v. State, 9 Tex. Crim. App. 646, and other cases cited on rehearing.

**5.—Same—Evidence—Harmless Error.**

We think it too well settled to call for further discussion that objections to testimony are unavailing on appeal when it appears from the record that the same testimony went before the jury from some other source, without objection. See Wagner v. State, 53 Tex. Crim. Rep. 306, and other cases cited on rehearing.

**6.—Same—Summoning Grand Jury—Procedure Proper.**

Where at the first term of a newly created district court, the judge followed the method prescribed by Art. 333, C. C. P. in securing a grand jury and upon discovering his mistake, discharged this jury and caused another to be summoned following Art. 348 C. C. P., there is not the slightest showing that in doing so, there was any intentional disregard of the statute which must appear to manifest substantial error. See King v. State, supra, and other cases cited on rehearing.

ON SECOND MOTION FOR REHEARING.

**7.—Same—Search Warrant—Its Validity—Not Material.**

Where testimony is discovered by a search under an invalid search warrant, the receipt of such testimony will not justify a reversal where the appellant voluntarily testified to the same incriminating facts as those objected to. See Bonilla v. State, 2 S. W. (2nd) 248; also collation of authorities in Vernon's Ann. Crim. Stats., 1916, Vol. 2, p. 904, notes 27 and 28.

Appeal from the District Court of Gray County. Tried below before the Hon. Chas. Clements, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Cook & Lewright,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale, the punishment confinement in the penitentiary for one year.

Appellant made a motion to quash the indictment, claiming that the grand jury which returned said indictment was illegal. The term of court at which appellant was indicted initiated a

new District Court for Gray County, the Legislature having theretofore created the Eighty-fourth Judicial District. Said term being the first term authorized by the statute after the creation of the district, the presiding judge had had no opportunity of having the grand jury selected by a jury commission at a previous term. On the first day of the term, being uncertain as to the procedure, a jury commission was empaneled, who selected the grand jury for the term. The grand jury thus selected was empaneled on March 8, 1927, the second day of the term. On March 10th, having reached the conclusion that the proper procedure would have been to instruct the sheriff to select the grand jury, said grand jury was finally discharged, and the sheriff was instructed to summon grand jurors. Exercising the discretion vested in him, the sheriff selected the same persons who had constituted the grand jury originally empaneled. The grand jury thus selected were, on March 10th, duly empaneled. On March 11th said grand jury returned an indictment charging the offense to have been committed by appellant on or about February 18, 1927. Appellant was arrested February 17, 1927.

No arbitrary disregard of the statute relating to the subject of the selection of grand jurors is disclosed by the record. Appellant had been arrested when the grand jury was empaneled, and was in a position to challenge the array. Not conceding that the grand jury had been illegally selected, suffice it to say, that under the facts reflected by the record, appellant's remedy was a challenge to the array at the time the court empaneled the grand jury. Powell v. State, 269 S. W. 443.

Operating under a search warrant, officers searched appellant's hotel and found therein a quantity of whiskey, which consisted of one quart, seventeen full pints, three full half pints and one half pint about one-fourth full. There was also discovered a tub of empty bottles which had contained bottled in bond whiskey. The whiskey was hidden on a sub-floor which was built under the sills. Drunk men had been arrested around the hotel shortly prior to the search. On the occasion of the search officers arrested a drunken man who was leaving the hotel. This man had a pint of whiskey, which was in a bottle similar to the bottles thereafter discovered in the hotel. The whiskey was of the same color and was apparently of the same grade as that thereafter discovered in appellant's possession.

The affidavit upon which the search warrant was based was made upon information and belief and the grounds of belief

were not therein exhibited. Appellant lodged appropriate objections against the introduction of the testimony of the officers touching the result of the search. The questions involved may be disposed of by stating that appellant testified that the whiskey belonged to him and detailed the manner in which its hiding place had been constructed. Having testified to the same facts as stated by the officers relative to the quantity of whiskey he possessed, appellant cannot now claim to have been injured by the testimony of the officers, even if such testimony was improperly admitted. Gonzales v. State, 299 S. W. 901.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an able and extended motion for rehearing, supported by a brief of authorities and oral argument, showing research and care. He contends that we should have considered and held error the refusal of the court to continue the case. This action of the court was not made the subject of complaint in a bill of exceptions. Without such bill the matter is not properly before us. Hollis v. State, 9 Tex. Crim. App. 646; Trevino v. State, 38 Tex. Crim. Rep. 64; Gray v. State, 100 Tex. Crim. Rep. 195, 272 S. W. 469; Payne v. State, 100 Tex. Crim. Rep. 241, 272 S. W. 788.

We regard the proposition as too well settled to call for further discussion at our hands, that objections to testimony are unavailing on appeal when it appears from the record that the same testimony went before the jury from some other source without objection. McLaughlin v. State, No. 11286, opinion February 15, 1928; Sifuentes et al. v. State, No. 11546, opinion March 7, 1928; Wagner v. State, 53 Tex. Crim. Rep. 306. The case last cited refers to many authorities, and the point made there has been uniformly followed.

As we gather from the record—and it seems to be conceded in the motion—the point made by appellant against the legality of the grand jury which indicted him grew out of the fact that the court issued a writ directing the sheriff to summon a grand jury, but did not issue said writ on the first day of the term. It is admitted that the court was newly created and its judge newly appointed, this appearing to be the first sitting of the

court after its creation and after the appointment of said judge. Being in some doubt as to how the grand jury should be summoned, and after consultation with others, the trial judge appointed jury commissioners who drew the grand jury. Two or three days later and after more investigation, the judge became satisfied he had made a mistake, and he discharged said grand jury and directed the sheriff to summon the grand jury which returned this indictment. His action in the last instance was in accord with the provisions of Art. 348 C. C. P. The point of the complaint at his action is that he did not have them summoned the first day of the term. Appellant cites Russell v. State, 242 S. W. 240; King v. State, 234 S. W. 1107, and other earlier authorities. It may be here stated that all the authorities agree that one of the two methods of selecting grand juries, i. e., either that prescribed in Art. 333 C. C. P., or that laid down in Art. 348 Id., should be substantially followed; also that a showing of intentional, wilful or inexcusably neglectful disregard of that one of said two methods which is applicable in any given case—would be cause for reversal. This, however, should be stated in this connection, that there must be such showing or reversal will not be ordered on this ground. In King's case, supra, we said:

"With the limitations suggested, we think the sound rule is that the time of summoning the grand jurors or opening the list is directory, and that a deviation from it which cannot be harmful does not vitiate the organization of the grand jury nor its action in finding the indictment. Cyc. of Law and Proc., Vol. 20, p. 1309; Cyc. of Law and Proc., Vol. 22, p. 192."

In the Russell case, supra, we said:

"If sufficient reason could be shown for the failure to order the sheriff to summon a grand jury on the first day of the succeeding term, this might be remedied by making such order at a later day in the term."

No discussion is had in the Acuff case, 244 S. W. 1117, nor in the Saulter case, 92 Tex. Crim. Rep. 96, said cases merely referring to the Russell case and adopting the views announced therein. We are unable to agree that there is the slightest showing in the case before us of an intentional disregard of the statute. That a newly created court followed the method prescribed by Art. 333, supra, under an honest belief that this was the correct method by which to obtain a grand jury, until his investigation convinces him that he is incorrect, at which time he adopts the correct method, evinces no intention to set aside the statute. This much is said in order that it may be plain

that the indictment in this case is not deemed by us subject attack either by challenge to the array or motion to quash, hence it would be needless for us to discuss further the distinction between the right to make a motion to quash as against that of challenge to the array.

Being unable to agree with appellant in any of his contentions, the motion for rehearing is overruled.

*Overruled.*

### ON SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — Appellant asserts that the rehearing should be granted and a reversal ordered for the reason that the result of the search of the appellant's premises was rendered inadmissible by Art. 727a, C. C. P., 1925, in that the search warrant was not based upon proper affidavit. The point made was disposed of in the original hearing. The conclusion was there reached that granting the impropriety of receiving the testimony mentioned, a reversal of the judgment was not justified for the reason that the appellant voluntarily testified to the same incriminating facts as those introduced by the state. In the original opinion the case of Gonzales v. State, 299 S. W. 901, was cited. It is a familiar rule often applied in this state that testimony improperly received will not ordinarily work a reversal where the same facts are in evidence from another source without objection. This has special application where the error in introducing testimony is cured by the testimony of the accused. See Bonilla v. State, 2 S. W. (2nd) 248; also collation of cases in Vernon's Ann. Tex. Crim. Stats., 1916, Vol. 2, p. 904, notes 27 and 28.

Leave to file a second motion for rehearing is refused.

*Motion refused.*