## TOMAS SIFUENTES AND EUSEBIO GONZALES V. THE STATE.

No. 11546.   Delivered March 7, 1928.

Rehearing denied April 18, 1928.

### 1.—Burglary—Evidence—Harmless, If Erroneous.

It is a well settled rule of evidence in this state that a complaint is without merit, which attacks the admission of testimony, in a case in which the record shows that the same testimony was otherwise introduced by the accused himself, or some other witness without objection. See Gonzales v. State, 295 S. W. 901; Wagner v. State, 53 Tex. Crim. Rep. 306, and other cases cited.

### 2.—Same—Charge of Court—Omitting Probable Cause—Not Erroneous.

Manifestly the court would be guilty of no error in refusing to charge on probable cause in a case in which the validity of the search becomes immaterial, as in this case.

#### ON REHEARING.

### 3.—Same—No Error Discovered.

On rehearing, we can but reaffirm the conclusion reached in our original opinion in this case. The criminative facts testified to by the officers, which was objected to, as to finding the alleged stolen property in appellant's car, was testified to by appellant Gonzales, who admitted possession of the car, and of the property shown to have been stolen. Thus, appellant placed before the jury the criminative facts, which he insisted should have been excluded, as coming from the officers.

Appeal from the District Court of Coleman County.   Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for burglary, penalty three years in the penitentiary.

The opinion states the case.

*Newman & McCollum* 'of Coleman, for appellant.

*W. V. Early,* District Attorney, of Brownwood; *Critz & Woodward,* special prosecutors, and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary, punishment three years in the penitentiary.

A store in Santa Anna in Coleman County was burglarized on the night of the 17th of August, 1927.   The burglary was discovered about 1 o'clock that night and officers of adjacent counties were communicated with at once and notified to look out for the burglars.   Later in the night the Sheriff of McCulloch County arrested appellants in a car a few miles out from Brady.   In the car was found a large quantity of the goods taken from the burglarized store, some $1,200 worth of dry goods.   Appellants defended on the theory that some other man employed them to carry the goods for him to a point beyond Brady.

Appellants' bills of exception Nos. 1, 2, 3, 4, 8 and 9 relate to various things resulting from the admission of testimony of the sheriff and a deputy sheriff as to what they found in the car driven by appellants on the night in question.   We are not in accord with the proposition advanced that the officers did not have the right to search the car in question under the facts appearing before us, but forego a discussion of these facts and the law applicable in view of the fact that appellant Gonzales took the stand in his own behalf and without objection fully admitted their possession of the car and of the goods and the facts stated by the officers to be the result of their search of said car. ' The principle of law applicable is fully discussed in Gonzales v. State, 295 S. W. 901; Frey v. State, and Bonilla v. State, opinions handed down on January 25, 1928, and McLaughlin v. State, No. 11286, opinion handed down February 15, 1928, which latter cases have not yet been reported.   The last case mentioned cites many authorities, beginning with Wagner v. State, 53 Tex. Crim. Rep. 306.   We regard it as well settled

that a complaint is without merit which attacks the admission of testimony, in a case in which the record shows that the same testimony was otherwise introduced by the accused himself, or some other witness without objection.

Appellants' bill of exceptions No. 5 complains of the refusal of an instructed verdict, and is without merit. Each of the complaints set up in the other bills of exception has been examined and are of matters deemed by us of no materiality under the facts in this case. Manifestly the court would be guilty of no error in refusing to charge on probable cause in a case in which the question of the validity of the search becomes of no moment, as in this case. We regard the court's charge as fully presenting the affirmative defense, and that no error appears in the refusal of the special charge, presenting same in a little different way.

No error appearing, the judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant questions only the application of the principle stated in McLaughlin, No. 11286, to the facts of the present case. Motion for rehearing in McLaughlin's case was overruled on April 4, hence has not yet found its way into the reports, but many authorities were reviewed and we think the proposition of law therein stated is amply supported. In the recent case of Kelsey v. State (No. 11188, decided March 21, 1928), and King v. State (No. 11193, decided March 28, 1928), will be found facts which prevented application of the rule recognized in McLaughlin's case. We do not understand the facts in the present record make application of that rule improper. The criminative fact testified to by the officers was as to finding the alleged stolen property in appellant's car. Appellant Gonzales in his testimony admitted possession of the car and of the property shown to have been stolen. Thus, appellant placed before the jury the criminative fact which he insists should have been excluded as coming from the officers. Nothing in the opinion can be construed as in any way impinging upon appellant's right to explain how he came in possession of the stolen property, the jury simply declined to give credence to the explanation.

The motion for rehearing is overruled.

*Overruled.*