WILLIAM WATSON v. THE STATE.

No. 10084. Delivered March 23, 1928.
Rehearing denied October 31, 1928.

The opinion states the case.

*F. G. Vaughn* of Beaumont, for appellant.

*Sam D. Stinson*, State's Attorney, *Robt. M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully transporting intoxicating liquor, and his punishment assessed at two years in the penitentiary.

The record discloses that Deputy Sheriff J. M. Foote, while at the office of the constable in the city of Port Arthur, called the place of business run by one Jack Cooper over the telephone and ordered two quarts of whiskey to be sent to room 223 of the Plaza Hotel; and that the man who answered the telephone stated that he "would bring it right up." Foote and another deputy by the name of Alsup immediately rushed to the hotel, Alsup going to the front entrance and Foote to the rear entrance. Within a few minutes thereafter the appellant came through the rear entrance of said hotel and was immediately arrested and searched by Foote, and two quarts of Scotch whiskey were found on his person. The appellant testified, and introduced other testimony to the effect, that he did not know the nature of the packages found upon his person at the time of his arrest, but that they had been delivered to him, wrapped in paper, by one

Earl Erwin, who promised to give him a dollar if he would deliver them to a Mr. Sterling, who was sick in room 223 of the Plaza Hotel.

We find in the record a complaint to the refusal of the court to sustain appellant's motion to suppress the testimony of the state because the officer Foote did not have a search warrant at the time of the arrest and search of the appellant. This court has held many times that such a motion is not in accord with the procedure in this state, but that the proper practice is to object to such evidence when offered, if same is objectionable to the accused. Foster v. State, 282 S. W. 600.

The transcript proper contains two bills of exception. Bill No. 1 complains of the refusal of the court to submit to the jury appellant's special charge to the effect that if the whiskey was transported for medicinal purposes, to acquit the appellant. There is no objection to the court's charge in the record, and this special charge requested was not applicable to the issues raised by the testimony. The bill, as presented, shows no error.

Bill No. 2 complains of the refusal of the court to sustain appellant's motion to strike out all the evidence introduced by the state and instruct a verdict of not guilty because the officer had no warrant for appellant's arrest and no search warrant authorizing a search of appellant's person, which, it is contended, made said search in violation of the constitution of this state. In view of the fact that the evidence shows that the arresting officer knew appellant well, and knew that he frequented the place from which the whiskey was ordered, and had been informed over the telephone that the whiskey would be brought to the hotel immediately, we are of the opinion that the officer had probable cause and sufficient reason to believe that the appellant was committing a felony in his presence and was authorized to arrest and search appellant without a warrant, under the doctrine announced by this court in Odenthal v. State, 290 S. W. 743; Battle v. State, 290 S. W. 762; Whitworth v. State, 290 S. W. 764.

Finding no error in the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant, through his counsel, vigorously assails that part of the opinion in which it is held that the search of the appellant was legal for the reason that it followed a lawful arrest. If the arrest of the appellant was lawful, there can be no question but what the search was legal and the evidence obtained thereby admissible. See Moore v. State, 107 Tex. Crim. Rep. 24; Agnello v. United States, 269 U. S. 20; Burkhardt v. State, 83 Tex. Crim. Rep. 228. It is doubtful whether the term "probable cause," as discussed in Odenthal v. State, 290 S. W. Rep. 745; Battle v. State, 290 S. W. Rep. 763, and Carroll v. United States, 267 U. S. 132, justifies the arrest of the person. The cases mentioned had to do with the search of property (an automobile) and announced the rule, which is deemed sound and well supported by the authorities, that the search of a vehicle was legal when the searching officer possessed "probable cause" as that term is defined in the decisions mentioned, for the belief that the vehicle contained intoxicating liquor. The conditions upon which the arrest of a person without a warrant may take place are stated in the statute, Arts. 212–217, C. C. P., 1925. Art. 212, supra, sanctions the arrest without a warrant when the offense is a felony and is committed "in the presence of" or "within the view" of an officer. Art. 215, C. C. P., 1925, sanctions the arrest without a warrant by a peace officer when he has satisfactory proof upon the representation of a credible person that a felony has been committed and the offender is about to escape and there is no time to procure a warrant. See Rutherford v. State, 104 Tex. Crim. Rep. 128.

In Moore's case, supra, there was some intimation by way of *dicta* that "probable cause" might justify the arrest of a person. However, the facts in that case brought the arrest within the terms of the statute (Art. 212) permitting the arrest without a warrant, and it was so announced in the opinion.

It is plausibly contended that for the arrest of a person the facts must come within one of the two statutes mentioned, namely, Arts. 212 and 215. Whether in the present case the facts do come within the purview of either of the statutes mentioned it is not deemed necessary to decide. The appellant testified that at the time of his arrest he had in his possession the two bottles of whisky which were introduced in evidence, and which belonged to Earl Erwin; that he had been handed by Erwin two packages wrapped up and told to

take them to Mr. Sterling at Room 223 at the hotel, where Sterling was sick in bed, and that for carrying them he would be given a dollar. He stated that he made no inquiry as to the contents of the package and had no interest in the matter save to earn the dollar mentioned. He said that Erwin's telephone number was 740; that he had been hanging around 740 off and on about three days a week for six months, but had known of no whisky being sold there. He declared that he did not know where Erwin was at the time of the trial. There was testimony that the place mentioned (740) was conducted by Jack Cooper, and the evidence was conflicting as to whether there was such a person as Erwin.

In the state of the record, it is not believed that a reversible error was committed in the refusal of the court to instruct the jury to acquit if the whisky was transported for medicinal purposes. (Art. 666, P. C., 1925.)

The appellant having testified that he transported the whisky, and it appearing from his own testimony and that of other witnesses (which testimony was not the result of the search) that there were circumstances justifying the jury in the conclusion that the appellant knew that the packages contained whisky, there could be no reversal of the judgment because of the introduction in evidence of the same facts coming from the officers as the result of the search. See Bonilla v. State, 2 S. W. (2d) 248; Bryant v. State, 2 S. W. (2d) 846; Frey v. State, 3 S. W. (2d) 459; McLaughlin v. State, 4 S. W. (2d) 54; Kelsey v. State, 4 S. W. (2d) 548; Sifuentes et al. v. State, 5 S. W. (2d) 144; Wood v. State, 5 S. W. (2d) 146; Boney v. State, 7 S. W. (2d) 961.

The motion for rehearing is overruled.

*Overruled.*