BENNIE SHEROW v. THE STATE.

No. 11482. Delivered June 20, 1928.
Rehearing denied October 10, 1928.

The opinion states the case.

*McDavid & McDavid* of Henderson, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of equipment for the manufacture of intoxicating liquor; penalty, one year in the penitentiary.

This case was reversed on a former appeal for the erroneous admission of testimony touching the results of the search of the home, dwelling house and premises of appellant without a search warrant. See 290 S. W. 754. In the trial which resulted in the conviction from which this appeal is prosecuted the Court refused to permit the introduction of any testimony of the result of the search of appellant's home and dwelling house, but admitted all testimony with reference to what was found as a result of the search of the premises adjacent to and within a distance of from 150 to 200 yards of such dwelling house. This was upon the theory that such portion of the premises might be legally searched without a search warrant under our present search and seizure law.

The only point apparently relied on for reversal is the bill questioning the Court's ruling on the admission of testimony going to show that as a result of the search of appellant's premises at a distance of 150 to 200 yards from his dwelling house, whiskey, mash and equipment for the manufacture of intoxicating liquor were found by the officers. It is not necessary under the facts shown in this record to decide this question. However, a similar question has been very recently discussed in the case of Wolf v. State, No. 11705, appeal from Burnet County, not yet officially reported. The record on this appeal shows that appellant took the stand and himself testified to the presence on his premises of intoxicating liquor and equipment for the manufacture of same substantially as testified to by the officers. If there was error in the admission of the officers' testimony, same was rendered harmless by the admissions of appellant, who testified to substantially the same facts. It was said in Gurski v. State, 248 S. W. 353:

"It is a rule of practice in this State that the erroneous admission of testimony is generally not ground for reversal where the same facts are proved by other testimony without objection." Wagner v. State, 53 Tex. Crim. Rep. 307. See also Osborne v. State, 292 S. W. 240; McLaughlin v. State, 4 S. W. (2nd) 54.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We quote from appellant's testimony as set out in the statement of facts:

"I was in the yard, just coming up from the well with a bucket of water when the officers first went up there to my house. * * * After they found the still he called me. * * * I went with them and I know where the still was found. * * * I went down on the branch but I never went up to the furnaces to see whether they were still hot or not. I saw the whisky that was found down in the ditch and the mash that they found back on the edge of the hill, and some barrels with some meal in them. That was right in a couple of hundred yards of my house."

This is quoted to sustain what was said in our former opinion to the effect that appellant testified to the presence on the premises of the same things testified to by the officers as found by them on the occasion of their search. Such testimony on the part of appellant, under numerous authorities, plainly rendered harmless the error, if any, of the admission of the testimony of the officers as to what they' found, even though they acted under a void warrant or without any warrant.

Appellant's claim seems to have been that his brother Thority was, joint owner with him of the land where the still, mash and whisky were found, and he therefore suggests that Thority might have been the owner of same or in possession and control of same, but we note that he testified that Thority lived a quarter of a mile away from his house. The still, whisky and mash were found within two hundred yards of appellant's house and we deem the jury justified in concluding that same were in his possession and control.

The motion for rehearing will be overruled.

*Overruled.*