Tom Kitchens v. The State.

No. 11932.   Delivered November 14, 1928.

The opinion states the case.

*Dial & Brim* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

Operating under a search warrant officers searched appellant's car and found therein four pints of whiskey.  Appellant testified that he did not know the whiskey was in the car; that the car had been driven by another person a short time before the officers searched it; that when he (appellant) drove his car to town it had no whiskey in it.  Other witnesses, who claimed to have been in a position to know, testified that the car had no whiskey in it at the time appellant drove it to town.

Bill of Exception Number 7 discloses that appellant placed in issue his general reputation for being a peaceable and law-abiding citizen. Dr. J. L. Wright, H. M. Dowdy and H. M. Kee testified that they lived in the community where appellant was raised; that they knew his reputation in the community in the respect mentioned; and that it was good. Over appellant's objection the state elicited from said witnesses that they had heard that appellant "was monkeying with whiskey." It is recited in the bill that appellant showed on indirect examination of the witnesses that they had heard the talk and rumor with reference to appellant's connection with whiskey after the date the indictment upon which he was being tried had been returned. Appellant requested the court to instruct the jury not to consider the answers of the witnesses elicited by the state. The court qualifies the bill of exception by quoting from the testimony of H. M. Dowdy and J. L. Wright. H. M. Dowdy testified on cross-examination by the state that "I have heard it talked down there in the last year or so that Tom Kitchens is in the whiskey business, handling whiskey." On redirect examination by appellant the witness testified:

"Yes, I have heard it talked since this trial come up. I don't believe I have heard it talked or rumored only since this case was preferred against him. I have heard right smart talk about it."

Dr. Wright testified on cross-examination by the state:

"Yes I have heard it rumored that Tom Kitchens handled some whiskey, I have not heard it, directly. I mean by 'rumored' that it would be talked around by the people. I have heard that just the last eight months, maybe not so long. No, it has not been as long as ten months or a year."

On redirect examination by appellant the witness stated that he had heard most of the rumors since the prosecution had been instituted. On cross-examination by the state the witness McKee said:

"At the time I heard of his arrest I don't remember that it came to my mind that I had heard it before; there has been a little talk down in the community there since he was arrested, I don't remember anything previous. The talk that I have heard has just been surmise, didn't seem to know anything, just a suspicion; after he was arrested some expressed themselves that they suspicioned it. I have heard some rumors like that; it is a suspicion."

The issue of guilt was closely contested. Appellant denied any connection with the whiskey found in his car. Several witnesses

gave testimony tending to corroborate his statement. The witnesses named in the bill of exception hereinbefore referred to testified that appellant bore a good reputation for being peaceable and lawabiding. In attempting to test the sincerity of said witnesses, the state made inquiry touching rumors and talk of acts of appellant inconsistent with the character the witnesses were called to prove, which rumors and talk, as we understand the record, had been heard by the witnesses after the prosecution had been instituted.

It is the rule that a witness to the good character of the accused may be asked upon cross-examination whether he had heard rumors of particular charges or acts of the accused inconsistent with the character the witness is called to prove, not to establish the truth of such charges, but to test the credibility of the witness and enable the jury to weigh his evidence. Townsley v. State, 281 S. W. 1054.

An exception to the rule stated is that the inquiry touching the past conduct of the accused, of which the witness has heard, must be confined to happenings antecedent to the commission of the offense for which the accused is on trial. Woodward v. State, 289 S. W. 407. We quote from Hopperwood v. State, 44 S. W. 841, as follows:

"Where a defendant is on trial, it is his character prior to the commission of the offense that may be inquired into, and not the character he may have had after the commission of the alleged offense, or what was said about his character after that time."

Applying the rule announced in the decisions to the question under consideration here we are constrained to hold that the learned trial judge fell into error in declining to instruct the jury not to consider the statements elicited from the witnesses on their cross-examination by the state.

It is disclosed by bill of exception Number 8 that a witness for the state testified that appellant's general reputation for being peaceable and law-abiding was bad; that the witness's opinion was based solely upon discussions heard after appellant had been arrested for the offense for which he was on trial. The witness was not qualified to express the opinion that appellant's reputation in the respect mentioned was bad. As stated in Hopperwood, supra, where the matter is an issue, it is the character of the accused prior to the commission of the offense that may be inquired into, and not the character he may have acquired after the commission of the offense, or what was said about his character after that time. Hopperwood v. State,

supra; Fossett v. State, 55 S. W. 498; Caruth v. State, 177 S. W. 973.

The questions touching defects in the affidavit for the search warrant cannot be reviewed. The affidavit does not appear in the record. We may add that appellant having taken the stand and testified to the same criminative facts detailed by the officers cannot now claim to have been injured by the testimony of the officers, even if such testimony might have been improperly admitted. Frey v. State, 3 S. W. (2d) 459.

The search warrant was introduced in evidence before the jury. Appellant seems to make the point in his brief that he objected to the reception in evidence of said instrument. There seems to have been no issue upon which the contents of the affidavit and search warrant were relevant, and the warrant was improperly received in evidence before the jury. Dillon v. State, 2 S. W. (2d) 251. We say this in view of another trial. Appellant not having interposed an objection to the reception of said instrument in evidence is in no position to complain.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.