J. C. TATE v. THE STATE.

No. 12066. Delivered December 19, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Possessing liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for one year.

A search of the appellant's house in June, 1926, developed the presence of five gallons of whisky. The appellant testified admitting the possession of the whisky but justified it upon the claim that it was intended for medicinal use. The testimony of the searching officer was improperly received due to the fact that it was affirmatively shown that the search warrant under which he acted was based upon an affidavit devoid of any statement of fact or circumstance showing "probable cause." See Chapin v. State, 296 S. W. Rep. 1095. The error in receiving the testimony of the officer, however, cannot be regarded as a cause for reversal for the reason that from the testimony of the appellant the same criminating fact, namely, his possession of the whisky mentioned, was given to the jury without objection. See Bevers v. State, 9 S. W. (2d) 1040; Bonilla v. State, 2 S. W. (2d) 248; McLaughlin v. State, 4 S. W. (2d) 54; Sifuentes, et al. v. State, 5 S. W. (2d) 144; Frey v. State, 3 S. W. (2d) 459; Sherow v. State, 9 S. W. (2d) 353.

On cross-examination, appellant was asked by State's counsel if he had not, in March, 1926, just a short time before his place was raided by the officers, entered a plea of guilty in the Federal Court to selling whisky to one, Roy Hoffman. He replied that he did not sell whisky to any one at that time, and that he did not know Roy Hoffman; that he did enter a plea of guilty to selling two pints of whisky to a man whose wife had pneumonia, and that he did not know his name. It appears from the unqualified bill of exceptions that the transaction in the Federal Court occurred in March, 1925. Objections were urged to the question and answer, and a request was made that the court withdraw the testimony from the consideration of the jury. It is specifically declared by the Congress of the United States that the possession of intoxicating liquor, where it is the first offense, is not a felony but a misdemeanor. See U. S. Statutes at Large, Vol. 41, p. 316, sec. 29; Blakemore on Prohibition, 3rd Ed., sec. 207. The testimony was not available for the purpose of impeachment for which it seems to have been received. The transaction was in no way connected with the present offense and antedated it more than fifteen months. At the time that State's counsel went into the inquiry, the State had rested its case upon the uncontroverted proof that the appellant possessed in June, 1926, five gallons of whisky. There was prima facie inference under the statute that it was possessed for the purpose of sale. The State was authorized to strengthen its prima facie case by any competent and relevant evidence, but the testimony under discussion, by reason of its remoteness, is not regarded as competent or relevant. Under the circumstances, the evidence was not deemed to have been admissible in support of the averments in the indictment. As stated above, at the time it was introduced, the State had proved its case and relied upon the proof of possession by the appellant of five gallons of whisky in June, 1926, it having established that transaction by uncontroverted evidence. See Curtis v. State, 52 Tex. Crim. Rep. 606; Monroe v. State, 56 Tex. Crim. Rep. 445; Gaines v. State, 63 Tex. Crim. Rep. 73; Parker v. State, 75 S. W. Rep. 30. On the whole record, it seems evident that the procedure was of a nature calculated to injure the accused in influencing the jury to disbelieve his testimony that the liquor was for medicinal purposes and not for sale.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*