SHORTY BROOKSHIRE V. THE STATE.

No. 12512.   Delivered April 24, 1929.

The opinion states the case.

*J. Lee Cearly* of Cisco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Attention was called by the brief of appellant to the fact that the indictment in this case did not conclude "against the peace and dignity of the State." A supplemental transcript consisting of a certified copy of the indictment as the same appears on file, shows that the omission of the statutory conclusion of the indictment from the transcript in this case, was an error of the district clerk. The original indictment properly contained the conclusion demanded by the statute.

There is but one bill of exceptions in this record, which complains of the search of appellant's car, the objection being that it was without a search warrant and that no probable cause was shown. For two reasons we can not sustain this contention. Appellant took the witness stand in his own behalf and testified that a stranger put the whisky in his car in a sack. He affirmed that he had not transported it, but having testified to the fact that the whisky was in his car which the officers claimed to have found, this would render his objection to testimony as to results of the search, unavailing. We are also of opinion that the officers had probable cause. It was in testimony that the officers had received information that a man was out on this road on the occasion in question in a drunken condition. The officers went out to the road, found a car in a mud hole, and a man in the car under a covering. The man was either asleep or in a drunken stupor. The officers smelled liquor on his breath. They raised the cover and ascertained that it was appellant. Whisky was found in the car.

Appellant contends that the evidence is not sufficient to show him guilty of the transportation of the liquor in question. The trial court submitted the case to the jury upon the theory of circumstantial evidence. The whisky was in a car which appellant admitted he had driven to the place where it was found in a mud hole by the officers. His contention was that when he wore himself out trying to extricate the car, he took a drink of whisky from a bottle which he said a man had given him, and went to sleep, and that the quantity of liquor found by the officers was not in the car when he went to sleep. We think these facts justified the jury in concluding appellant guilty of transporting intoxicating liquor.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.