AVERY BENOIT v. THE STATE.

No. 13890.  Delivered February 11, 1931.
Rehearing Denied March 18, 1931.

The opinion states the case.

*D. E. O'Fiel* and *J. A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

A deputy sheriff armed with a search warrant went to appellant's

home for the purpose of making a search for intoxicating liquor. Before advising appellant of his purpose the officer told him that he would like to buy a pint of whisky. Appellant said that had two grades, the best whisky being one and a half dollars a pint. The officer told appellant that he wanted the best, and appellant delivered him the pint of whisky, for which the officer handed him a five dollar bill. The officer then showed appellant his official badge. Appellant said: "You have got me." Before beginning the search appellant stated to the officer that he had two pints of whisky in the kitchen. The officer immediately instituted a search of the house, with the result that he found the two pints of whisky where appellant had stated he would find them, and also ten empty pint bottles. The foregoing facts were testified to by the officer.

Appellant testified, in substance, that he delivered a pint of whisky to the officer, but received no money therefor, it being his intention to give the liquor to the officer. He denied that he had sold intoxicating liquor. He further testified that when the officer showed him his badge he went with him and showed him where he could find the other two pints of whisky; that he· did not know whether the officer found any empty bottles in his house, and did not believe there were any empty bottles there at the time the search was made.

In an effort to impeach appellant, the· State offered in evidence his testimony taken at the examining trial, wherein appellant stated that he sold the officer a pint of whisky for one dollar fifty cents.

The only bill of exception found in the record relates to the action of the trial court in permitting the officer to testify that he found two pints of whisky and ten empty pint bottles in appellant's kitchen, it being urged as a ground of objection that this testimony related to an extranous and independent offense, which shed no light on the transaction for which appellant was being tried. It is the general rule that evidence of other crimes committed by the accused should not be used against him. Nichols v. State, 97 Texas Crim. Rep., 174,, 260 S. W., 1050. There are exceptions to the rule, one of them being that proof of other offenses is admissible if such proof is a part of the res gestae of the offense for which the accused is being tried. Branch's Annotated Penal Code, section 2347; Nichols v. State, supra. We quote from Underhill on Criminal Evidence, 3d Edition, section 152, as follows:

"If several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme."

The whisky was found in appellant's kitchen immediately after the sale was made to the officer. Proof of its possession was part of the

res gestae of the offense for which appellant was being tried. It may be added that appellant testified on his direct examination that he told the officer where to look for the whisky. He admitted that he had it in his possession, but denied that he had possesed it for the purpose of sale. In the state of the record, if it should be held that the testimony touching the result of the search was improperly received,—and we hold the contrary,—appellant would be in no position to complain.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant insists that in receiving the evidence of the search of the premises and the discovery of two pints of whisky there was a transgression of the rules of evidence, excluding proof of other offenses. The State's witness Keeney testified that he purchased a pint of whisky from the appellant. In his own testimony the appellant admitted that he delivered a pint of whisky to Keeney but claimed that it was a gift and not for sale; that he had no whisky for sale. Appellant testified that in addition to the whisky which he delivered to Keeney he had two more pints of whisky on hand. This testimony, coming from the appellant, was substantially the same as that against which the bill of exception is directed and apparently comes under the rule that does not permit a reversal because of the reception of testimony over objection when the same testimony is in evidence without objection. See Bonilla v. State, 108 Texas Crim. Rep., 603, 2 S. W. (2d) 248; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Frey v. State, 109 Texas Crim. Rep., 168, 3 S. W. (2d) 459; Sifuentes et al v. State, 109 Texas Crim. Rep., 398, 5 S. W. (2d) 144; Sherow v. State, 110 Texas Crim. Rep., 539, 9 S. W. (2d) 353; Kitchens v. State, 111 Texas Crim. Rep., 45, 10 S. W. (2d) 999. However, in the present instance the appellant testified in his own behalf that he made no sale but made a gift of a pint of whisky to the prosecuting witness.

The indictment contained one count charging the sale of whisky and one charging the possession of intoxicating liquor for the purpose of sale. Apparently the testimony to the effect that upon the search there were found in the appellant's possession two pints of whisky besides the pint delivered to the prosecuting witness was, at the time the evidence was received, admissible as bearing upon the count charging the possession for the purpose of sale. That count was not submitted to the jury. The complaint, however, is of the reception of evidence of the

result of the search and not of the failure of the court to withdraw it. The motion for rehearing is overruled.

*Overruled*