ANTHONY BURNELL v. THE STATE.

No. 14135. Delivered April 8, 1931.

The opinion states the case.

*Joe Ellington,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for a period of three years.

Possessed of an alias capias for the arrest of the appellant, some officers were waiting for him. Observing him in his automobile, they intercepted him, prevented his escape and arrested him. In the automobile which he was driving immediately before the time of his arrest, there was a ten-gallon keg containing whisky. According to the state's testimony, the keg was uncovered, and was observable without any search of the automobile. However, the appellant claimed the keg was covered with an overcoat.

The appellant reserved no bill of exception to the introduction of the evidence touching the presence of the whisky in his automobile. In his motion for new trial he advances the proposition that the capias for his arrest carried with it no authority to search the automobile. The appellant testified in his own behalf and admitted the possession and transportation of the whisky. The appellant's admission that he transported it was available as a basis for conviction to the state although the officers' testimony to the same effect might have been illegally received. See Bonilla v. State, 108 Texas Crim. Rep., 603, 2 S. W. (2d) 248; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Frey v. State, 109 Texas Crim. Rep., 168, 3 S. W. (2d) 459; Sifuentes et al. v. State, 109 Texas Crim. Rep., 398, 5 S. W. (2d) 144; Sherow v. State, 110 Texas Crim. Rep., 539, 9 S. W. (2d) 353; Kitchens v. State, 111 Texas Crim. Rep., 45, 10 S. W. (2d) 999; Benoit v. State, 117 Texas Crim. Rep., 133, 36 S. W. (2d) 168.

The question of the illegal search which the appellant attempts to raise in his motion for new trial is not presented for review and is not decided.

The evidence is deemed sufficient to support the verdict.

In writing the judgment and sentence the Indeterminate Sentence Law is ignored. Under the statute, article 775, C. C. P., 1925, the judgment should condemn the appellant to suffer confinement in the state penitentiary for a period of not less than one nor more than three years. In that particular the judgment is reformed, and as reformed, it is affirmed.

*Reformed and affirmed.*