GEORGE W. REUSCH v. THE STATE.

No. 14465.   Delivered January 13, 1932.

The opinion states the case.

*Johnson & White,* of Fort Worth, for appellant.

*Cecil C. Rotsch* and *Stanley Bransford,* Assistant Criminal Attorneys, both of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; penalty assessed at a fine of $100.

About two o'clock in the morning, the appellant and two other young men drove their automobile into a filling station which was closed; that is, it was not open for business at that time. The number on the automobile indicated that it was not registered in Tarrant county. As the appellant and his companions were backing their car out of the filling station, they were stopped by the officers and questioned. The appellant was commanded by the officers to get out of the car. A loaded pistol was found upon the seat of the car.

Appellant testified in substance as follows: He and his companions had been to a party and drove into the filling station for the purpose of getting water for the car. Finding none, they were in the act of backing the car out of the station when they were arrested by the officers. He said that the pistol in the car belonged to him; that he did not know it was in the car until after his arrest. He slept in a store and kept a pistol for his protection, was not accustomed to carrying it, and did not know in what part of the car it was found.

Appellant relies for a discharge and a reversal of his case upon the constitutional provision against an unlawful search and upon the statutory declaration that evidence obtained through an illegal search is not admissible. See article 1, section 9, Const. of Texas, and article 727a, C. C. P., 1925, declaring inadmissible testimony acquired contrary to the constitution and laws of this state. See, also, Odenthal v. State, 106 Texas Crim. Rep., 1, 290 S. W., 743; Chapin v. State, 107 Texas Crim. Rep., 477, 296 S. W., 1095. Appellant made timely objection to the testimony of the officers in finding the pistol in the car. If it be conceded that the officers had no right to arrest him or to search his car, it is made plain from the appellant's own testimony that he possessed the pistol that was in the car. The officers testified to nothing more. On the relevant issue in the case, that is, whether the appellant was unlawfully carrying a pistol contrary to article 483, P. C., the officers gave no more information than the appellant gave by his own testimony. It is a rule that the accused cannot claim error in admitting testimony where he gave

substantially the same testimony. See Johnson v. State, 118 Texas Crim. Rep., 293, 42 S. W. (2d) 421; Houston v. State, 112 Texas Crim. Rep., 261, 16 S. W. (2d) 119; Brookshire v. State, 112 Texas Crim. Rep., 352, 16 S. W. (2d) 1083; Enix v. State, 112 Texas Crim. Rep., 376, 16 S. W. (2d) 818; Bonilla v. State, 108 Texas Crim. Rep., 603, 2 S. W. (2d) 248; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Sifuentes et al. v. State, 109 Texas Crim. Rep., 398, 5 S. W. (2d) 144; Sherow v. State, 110 Texas Crim. Rep., 539, 9 S. W. (2d) 353; Kitchens v. State, 111 Texas Crim. Rep., 45, 10 S. W. (2d) 999; Tate v. State, 111 Texas Crim. Rep., 156, 12 S. W. (2d) 210.

In the court's charge to the jury instructions were given in appropriate language that if the pistol was in the car without knowledge of the appellant or if he did not realize that the pistol was there, or if upon that subject there was a reasonable doubt in the minds of the jury, it should be resolved in favor of the appellant and an acquittal should result.

From the record before us, we are constrained to order an affirmance of the judgment.

*Affirmed.*