# NO. 12-23-00306-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN ARTHUR STEPHENS, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION

John Arthur Stephens, Jr. appeals his convictions for two counts of aggravated assault with a deadly weapon. In one issue, he challenges the sufficiency of the evidence to support the convictions. We affirm.

## BACKGROUND

On June 23, 2020, at approximately 10:00 a.m., Antonio Gante-Martinez was on a break during his work shift at a cold storage facility located near Oak Street and Texas Street in Palestine, Texas. He left the facility in his truck, purchased a box of doughnuts, and returned to the facility. As he left his truck with the doughnut box, an individual carrying a pistol approached him, pointed the pistol at him, and instructed him to put his hands up. Gante-

Martinez complied, after which the individual ordered him to go inside. Once inside, Gante-Martinez's employers called the police and reported the incident.

That same morning, Zachary Dawson left his place of employment to make a bank deposit. As he approached a set of railroad tracks, he witnessed Appellant pointing a gun at a Hispanic man near a black truck. Dawson initiated a 911 call to report the situation, but during the call, Appellant started walking towards him. Appellant screamed and pointed the gun at Dawson. Dawson testified that he was afraid for his life at that moment because, at the time, he did not know that the gun was not a real firearm.

Sergeant Payton Brandenburger, then of the Palestine Police Department, was the first officer to arrive at the scene. He witnessed Appellant holding what Brandenburger believed to be a black handgun, and saw Appellant point the gun directly at another individual. Brandenburger exited his vehicle, pointed his patrol rifle at Appellant, and ordered him to drop the gun. After Appellant complied, law enforcement arrested him and transported him to jail. Officer Tanner Grantham, also formerly of the Palestine Police Department, likewise responded to the scene and assisted with taking Appellant into custody. Grantham recovered the gun, which turned out to be a BB gun, from the ground where Appellant dropped it pursuant to Brandenburger's instruction, and placed it into an evidence box. Appellant was charged by indictment with two counts of aggravated assault with a deadly weapon and one count of obstruction or retaliation. He pleaded "not guilty," and this matter proceeded to a jury trial.

At trial, Brandenburger identified the BB gun in the evidence box (admitted as State's Exhibit 4) as the one that he witnessed Appellant brandish and subsequently drop. He testified that when he first encountered Appellant, he could not tell that the BB gun was not an actual firearm. However, he affirmed that a BB gun is still capable of causing serious bodily injury, and therefore a deadly weapon. Similarly, during his trial testimony, Grantham identified the BB gun in the evidence box as the one that he recovered from the ground after Appellant dropped it. Grantham also testified at trial that he could not tell that the BB gun was not a firearm until he "interacted" with it and averred that a BB gun is capable of causing serious bodily injury.

The jury found Appellant "guilty" of both counts of aggravated assault, and "guilty" of obstruction or retaliation. Appellant elected to have the court assess punishment and after hearing evidence and considering the applicable enhancements, the trial court assessed punishment of ten years' imprisonment for each of the aggravated assault offenses and five

years' imprisonment for the obstruction or retaliation offense.[1]  The trial court sentenced Appellant accordingly and this appeal followed.

## LEGAL SUFFICIENCY OF EVIDENCE

In his sole issue, Appellant contends that the evidence is insufficient to support a finding beyond a reasonable doubt that he (1) inflicted "actual violence" on anyone, and (2) used a deadly weapon in committing an assault.

### Standard of Review

The *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt.[2]  443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).  Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction.  *See Jackson*, 443 U.S. at 315–16, 99 S. Ct at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd).  In reviewing the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence.  *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks*, 323 S.W.3d at 898–99.  The trier of fact is the sole judge of the credibility of the witnesses and can believe all, some, or none of the testimony presented, and a reviewing court affords almost complete deference to a jury's decision when that decision is based upon an evaluation of credibility. *Chambers v. State*, 805

---

[1] Appellant raises no issues regarding the trial court's judgment for the obstruction or retaliation offense.

[2] Appellant appears to request that we perform a factual sufficiency review and re-weigh the evidence presented at trial.  However, this Court follows precedent set by the Texas Court of Criminal Appeals' opinion in *Brooks v. State*, in which the court determined that a legal-sufficiency standard of review is indistinguishable from a factual-sufficiency standard of review. 323 S.W.3d 893, 901 (Tex. Crim. App. 2010).  As an intermediate appellate court, we are not at liberty to ignore binding precedent. *Matamoros v. State*, 500 S.W.3d 58, 62 n.1 (Tex. App.—Corpus Christi 2016, no pet.) (citing *Southwick v. State*, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no pet.)).  Factual sufficiency review is only available when a jury rejects an affirmative defense. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013).  Upon reviewing the record, we find no evidence that Appellant raised an affirmative defense or that the jury rejected such a defense.  Therefore, we decline to complete a factual sufficiency review in this case. *See Brooks*, 323 S.W.3d at 912.

S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also* **Lancon v. State**, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We defer to the trier of fact's resolution of any conflicting inferences raised in the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. **Jackson**, 443 U.S. at 326, 99 S.Ct. 2781; **Clayton v. State**, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense(s) as defined by a hypothetically correct jury charge. *See* **Malik v. State**, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." **Id.**

## Applicable Law

A person commits an assault if he intentionally or knowingly threatens another with imminent bodily injury.[3] TEX. PENAL CODE ANN. § 22.01(a)(2) (West 2023). A person commits aggravated assault with a deadly weapon if he uses or exhibits a deadly weapon during the commission of an assault. **Id.** § 22.02(a)(2) (West 2023). "Deadly weapon" includes anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. **Id.** § 1.07(a)(17)(B) (West 2023). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. **Id.** § 1.07(a)(46).

## Analysis

Appellant does not dispute on appeal that he "used or exhibited" a BB gun and does not challenge the sufficiency of the evidence supporting any other element of the charged offense. Instead, Appellant's analysis regarding the jury's deadly weapon finding is one sentence long: "[A] bb gun or air gun is not a firearm making the state's burden to prove the weapon used is a deadly weapon beyond a reasonable doubt which was not done in the instant case." We construe

---

[3] Appellant contends that the State was required to prove, beyond a reasonable doubt, that Appellant inflicted "actual violence" during the commission of the offense. This assertion is contrary to the Texas Penal Code, which expressly provides that a person may commit an assault solely by *threatening* another person with imminent bodily injury, with no requirement that the offender actually *inflict* bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2) (West 2023).

this argument as a challenge to the sufficiency of the evidence supporting the jury's finding that the BB gun was a deadly weapon.

Although Appellant is correct that a BB gun is not a "firearm" and is therefore not per se a deadly weapon under the Penal Code, the State may prove that a BB gun is a deadly weapon by presenting evidence concerning its capabilities or use. *See Adame v. State*, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002); *Coleman v. State*, No. 07-13-00253-CR, 2014 WL 2433681, at *3 (Tex. App.—Amarillo May 27, 2014, no pet.) (mem. op., not designated for publication) ("The State may prove that a BB or pellet gun is a deadly weapon through several means, including lay or expert testimony that the weapon is capable of causing serious bodily injury.").

In this case, both Sergeant Brandenburger and Officer Grantham testified that a BB gun is capable of causing serious bodily injury. Moreover, the BB gun itself (which was in evidence and available to the jury) bore an imprint which read, "Warning: Misuse may cause serious injury[,] particularly to the eye." Courts have considered warning labels of this nature to be relevant when determining whether legally sufficient evidence supported a jury finding that a BB gun, pellet gun, or airsoft gun was a deadly weapon. *See Williams v. State*, 240 S.W.3d 293, 299 (Tex. App.—Austin 2007, pet. ref'd) (op. on reh'g) (observing that jury was aware of warning label for CO2-powered BB pistol that identified risk of serious injury or death); *Nealy v. State*, No. 01-18-00334-CR, 2019 WL 6869337, at *4 (Tex. App.—Houston [14th Dist.] Dec. 17, 2019, no pet.) (mem. op., not designated for publication) ("The [air] pistol's capability to cause serious bodily injury is further supported by the warning on its side which reads 'warning-- not a toy. Wear eye protection to prevent serious injury to eye.'"). With testimony, such as in the present case, that a "BB gun is capable of causing serious bodily injury, it is reasonable for a jury to make a deadly weapon finding." *Adame*, 69 S.W.3d at 582.

Accordingly, viewing all the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found beyond a reasonable doubt that appellant used or exhibited a deadly weapon, i.e., the BB gun, during the commission of the assault. Because the evidence is legally sufficient to support Appellant's conviction, we overrule his sole issue.

## **DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2024**

**NO. 12-23-00306-CR**

**JOHN ARTHUR STEPHENS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3CR-20-34825)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*